BURKE ET AL. *v.* GARDNER ET AL.

[No. 27,838. Filed March 19, 1943.]

*Hawley O. Burke,* of Elkhart, and *Arnold, Degnan, Dohnalek & Goheen* and *Isadore D. Rosenfeld,* all of South Bend, for appellants.

*C. C. Raymer* and *Stanley A. Raymer,* both of Elkhart, for appellees.

RICHMAN, C. J.—Appellants filed a complaint for a declaratory judgment disclosing therein that in a real estate subdivision of the City of Elkhart they owned a lot near a lot upon which appellees were about to erect a church building contrary to restrictions, applying to all lots in the subdivision, reading in part: "No building, other than for residence purposes shall be placed on property described herein. . . ." The complaint sets out a letter from appellees to appellants stating appellees' intention to begin construction on the church May 15, 1941, and adding a request, "if you have any intention of taking any legal steps to prevent the construction of said church building or its occupancy for church purposes, to proceed to take proper legal action to this end at once or at least before May 12th, 1941." This statement appears in the complaint:

> "Plaintiffs further say that no remedy or mode of admeasuring damages, or provision for forfeiture or reversion is contained in any of the scores of deeds of conveyances made by said corporation, nor is there, in the chain of any title to said scores of lots so disposed of, any provision for remedy, relief, indemnity or other redress, and the only remedy the plaintiffs and other persons owning property and acquired pursuant to said general plan, scheme, and design, to preserve the residential character of said subdivision, is in equity for injunction."

The trial court took appellants at their word and sustained a demurrer to the complaint. The cause was then continued until the first day of the next term with leave granted appellants "to amend their complaint, striking out the request for declaratory judgment, and proceeding on the theory of an injunction, or any other form of action the plaintiffs might adopt." Refusing to amend appellants suffered judgment that they take nothing and appealed to the Appellate Court. Motion to dismiss the appeal was overruled by that court and four judges failing to agree the cause was transferred here.

Appellees then filed a second motion to dismiss the appeal from which it appears that while the appeal has been pending appellants filed against appellees and McCoy Memorial Baptist Church, Inc., a complaint setting out substantially the same facts as alleged in their former complaint and adding that at the time (June, 1942) the structure was practically completed. The prayer was for a perpetual injunction against the erection or use of the building for church purposes. With appellants' brief opposing this motion to dismiss is an affidavit by one of the appellants dated March 8, 1943, stating that upon investigation within the preceding ten days he discovered that the "structure was not completed and no assemblages were, or were immediately in contemplation of being held therein; and thereupon affiant dismissed said action." In this brief appellants say they dismissed the injunction suit because it was "premature."

Appellants' wavering between the two forms of action results, it would seem, from doubt as to whether their cause of action has matured as referred to in *Brindley* v. *Meara* (1935), 209 Ind. 144, 198 N. E. 301, 101 A. L. R. 682, or still is in the state of "ripening

seeds of litigation" within the rule of *Owen* v. *Fletcher Savings & Trust Building Co.* (1934), 99 Ind. App. 365, 189 N. E. 173. Appellants' citation of cases from other jurisdictions where declaratory judgment statutes are given wider scope than in Indiana may indicate a dissatisfaction with the rule announced in *Brindley* v. *Meara, supra.* We are satisfied, however, with the reasoning of that opinion which this court since has consistently followed. The latest case is *Thompson et al.* v. *Travis et al.* (1943), *ante* p. 117, 46 N. E. (2d) 598, wherein the same attorney who wrote the briefs of appellants herein unsuccessfully sought a declaratory judgment.

There can be no doubt that appellants had an available remedy by injunction. Cases sustaining decrees enjoining violation of restrictive covenants are numerous. Many are cited in a note in 99 A. L. R. 541.

"The complainant may institute his bill when the erection of a prohibited structure is threatened without waiting for its actual construction." 14 Am. Jur., Covenants, Conditions and Restrictions, § 339, p. 666.

"The fact that no violation has been actually committed is not essential to give a court of equity jurisdiction to relieve against a breach of the covenant, but it will be sufficient for the interference of the courts that a breach is intended." 32 C. J., Injunctions, § 321, p. 207.

See also *Kenwood Land Co.* v. *Hancock Investment Co.* (1913), 169 Mo. A. 715, 155 S. W. 861; *Guilford County et al.* v. *Porter* (1914), 167 N. C. 366, 83 S. E. 564.

The complaint for declaratory judgment shows that appellees had purchased the material for construction

of the church and given appellants express notice by the letter above quoted of their immediate intention to build. This we think was sufficient ground for invoking the jurisdiction of a court of equity to enjoin the proposed construction. Certainly appellees would have been in no position to defend against such an action on the ground that it was prematurely filed.

Since the remedy of injunction was available to appellants the trial court could properly hold that they were not entitled to a declaratory judgment. *Brindley* v. *Meara, supra.* This was done by sustaining the demurrer one ground of which was lack of jurisdiction of the subject-matter. The same result would have been attained by dismissing the action. Inasmuch as no relief other than declaratory was prayed it would seem to make no difference which method was used since the correct result was reached. Appellants were left free to and did pursue their proper remedy by filing an injunction suit. Neither the merits of that suit nor the effect of its dismissal can be considered in this appeal.

The motion of appellees to dismiss is on the ground that the questions presented are moot. This is not true. The right of appellees over the objection of appellants to build a church on the lot and to use it for assemblage has not been decided. Since the controversy still exists the question is not moot. We think the appeal should not be dismissed but that the judgment should be affirmed.

Judgment affirmed.

NOTE.—Reported in 47 N. E. (2d) 148.