William J. BRANT, Jr., Mercantile National Bank of Indiana, as Trustee under Trust No. 3436, and Plum Creek Village Associates, an Indiana General Partnership, Appellants (Defendants and Counterclaimants Below),

v.

Hal L. HESTER, Rudy C. Kutansky, Maurice Checroun, and Donald Stratton, Appellees (Plaintiffs and Counterdefendants Below).

No. 45A03–9011–CV–487.

Court of Appeals of Indiana,
Third District.

April 18, 1991.

Stephen M. Maish, Patrick A. Mysliwy, Maish & Mysliwy, Hammond, for appellants.

James J. Nagy, Munster, for appellees.

STATON, Judge.

William Brant, Mercantile National Bank of Indiana and Plum Creek Village Associates appeal a summary judgment and award of damages in favor of Hal Hester, Maurice Checroun, Rudy Kutansky and Donald Stratton ("Buyers"). Three issues are presented for our review:

I. Did the trial court err in granting summary judgment in favor of the Buyers?

II. Did the trial court err in awarding compensatory damages to the Buyers?

III. Did the trial court err in awarding attorney fees to the Buyers?

We affirm the grant of summary judgment and award of compensatory damages. We reverse the trial court's award of attorney fees with regard to the amount, and remand for a hearing as to reasonable attorney fees.

On June 26, 1985, the Buyers offered to purchase certain real estate located in Schererville, Indiana from Mercantile Na-

tional Bank of Indiana as Trustee under Trust No. 3436 (the "Bank"). A check in the amount of $5,000.00 was delivered to William Brant, Jr., one of the beneficiaries of Trust No. 3436. The check was made payable to Brant Construction Company, Inc. ("Brant Construction") but was deposited into a bank account for Plum Creek Village Associates, an Indiana General Partnership ("Plum Creek").

The purchase agreement was never submitted to the Bank for execution. On September 10, 1985, the Buyers withdrew their offer to purchase the real estate.[1] On September 19, 1985, pursuant to an agreement dated July 9, 1985, the Bank as Trustee of Trust No. 3436 conveyed the real estate to the Bank as Trustee of Trust No. 4684. On that date, the Bank contracted to sell the real estate to Plum Creek, a partnership in which Brant is the managing partner.

On November 14, 1985, the Buyers filed a complaint against Brant, the Bank and Brant Construction, alleging that Brant had misrepresented to the Buyers that the purchase agreement had been delivered to the Bank for execution. The complaint requested reimbursement of the $5,000.00 deposit, attorney fees, costs, and damages in the amount of $3,000.00.

The defendants filed a counterclaim which asserted that a real estate contract had been formed between the Buyers and Brant, acting as an agent of the Bank. The counterclaimants sought $25,000.00 as liquidated damages under the contract and engineering fees in the amount of $12,000.00.

On November 1, 1986, the Buyers filed a motion for summary judgment, which was denied by the trial court on November 13, 1986. On December 11, 1986, Brant Construction filed a bankruptcy proceeding under Chapter 11 of the Bankruptcy Code; thus, all proceedings as to Brant Construction were stayed.

On October 12, 1988, the Buyers filed a motion to amend their complaint and a second motion for summary judgment. The Buyers' amended complaint was filed on December 1, 1988. On January 18, 1989, the trial court granted the Buyers' second motion for summary judgment. The trial court found the Buyers/counterdefendants were entitled to judgment as a matter of law, as neither the Bank or Brant had sustained damages.[2]

The trial court then granted the counterclaimants' request for permission to file a third-party complaint on behalf of Plum Creek. The complaint was filed on February 2, 1989. On April 28, 1989, the Buyers filed a third motion for summary judgment and a petition for an award of attorney fees.

On November 20, 1989, the trial court granted the Buyers' third motion for summary judgment and set a date for trial on damages. The evidence on damages was heard on May 17, 1990. On July 12, 1990, the court entered its order against Brant, the Bank and Plum Creek for the payment of attorney fees in the amount of $6,727.00 and costs in the amount of $52.00.

On August 1, 1990, the Buyers filed a motion to amend their complaint to name Plum Creek as a defendant. The Buyers also filed a motion to correct errors, requesting that the amount of prejudgment interest be reduced and that the language of the court's order be amended consistent with the findings of the court.[3] Each of the Buyers' motions was granted, and on September 24, 1990, the trial court issued

---

1. The Buyers maintained that they were unable to obtain financing for the real estate without possessing an executed copy of the Agreement to Purchase.

2. Brant's deposition disclosed that neither the Bank or Brant paid any engineering fees incurred after the Buyers' offer to purchase was made. Any engineering fees attributable to the subject real estate were paid by Plum Creek.

3. The trial court had calculated prejudgment interest at an annual percentage rate of 10% rather than 8%. *See* IC 24-4.6-1-102. Additionally, the trial court's original order had failed to provide for the *payment* of damages found by the trial court.

its amended order, precipitating this appeal.[4]

## I.

### Grant of Summary Judgment

The appellants contend that the trial court erred in granting summary judgment because of the existence of genuine issues of material fact and the incorrect application of the law. The appellants additionally argue that the trial court erroneously permitted the Buyers to amend their complaint to name Plum Creek as a defendant, without setting aside the order of summary judgment.

On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Schrader v. Mississinewa Community School Corp.* (1988), Ind.App., 521 N.E.2d 949, *trans. denied.* Summary judgment will be affirmed if it is sustainable upon any theory supported by the record. *Kolczynski v. Maxton Motors, Inc.* (1989), Ind.App., 538 N.E.2d 275, 276, *reh. denied, trans. denied.*

■ Although appellants contend that there exists a material issue of fact as to whether the Buyers' offer was accepted, the fruits of discovery show otherwise. The Buyers indisputably offered to purchase real estate owned by the Bank as Trustee under Trust No. 3436. The trust agreement for Trust Number 3436 provides that the Bank may convey title to the real estate upon the written direction of the beneficiaries who are: "William J. Brant, Jr., Donald S. Powers, Trustee, and Mercantile National Bank of Indiana, *jointly*

*and not individually or less than all."* Record, pp. 42–43.

Brant admitted that he never submitted the Buyers' offer to the Bank, nor did a Bank Trustee ever sign the Buyers' offer. Record, p. 81. Brant further admitted that he did not submit the offer to purchase to Donald Powers. Record, p. 114. The Bank filed answers to interrogatories which disclosed that the Bank had not authorized Brant to execute the subject "Agreement to Purchase Real Estate" on behalf of the Bank as Trustee. The Bank first received a copy of the Agreement attached to Interrogatories propounded by the Buyers. Record, pp. 48–49.

The trial court correctly concluded that there existed no genuine issue of material fact, i.e., one which is dispositive of the litigation.

■ The appellants next contend that the trial court incorrectly applied the law by failing to enforce the agreement under an equitable estoppel theory. The elements of equitable estoppel are: (1) Party A must have made false representations or concealed material facts while having knowledge of the true facts or the ability to obtain such knowledge; (2) the representations must have been made to Party B with the intent to induce B's reliance on those statements; and (3) B must have changed his position in reliance on A's statements. *Kokomo Veterans, Inc. v. Schick* (1982), Ind.App., 439 N.E.2d 639, 643, *reh. denied, trans. denied.*

Although the appellants contend that the theory of equitable estoppel was presented to and argued before the trial court, the appellants failed to allege facts from which the trial court could have concluded that

4. The Buyers contend that the counterclaim of the Bank and Brant was finally disposed of on January 18, 1989. The record reflects that, rather than directly appealing the court's order of January 18, 1989, including findings that the Bank and Brant suffered no damages, the Bank and Brant moved to file a third-party claim on behalf of Plum Creek. However, judgment was not rendered upon the whole case, nor did the

trial court enter an order specifying the facts appearing without substantial controversy, including the extent to which the amount of damages is not in controversy, as provided by Indiana Rules of Procedure, Trial Rule 56(D). The trial court did not order payment of damages by the Bank and Brant until its order of September 24, 1990.

the elements of equitable estoppel were established.[5]

The appellants next argue that the trial court should have set aside the order of summary judgment before permitting the Buyers to amend their complaint to name Plum Creek as a defendant. They assert that Plum Creek was deprived of the opportunity to present its defenses against the Buyers' claims.

 A trial court has the discretion to allow amendments to promote relief for a party based upon the evidence actually forthcoming at trial, notwithstanding the initial direction set by the pleadings. *Weisman v. Hopf–Himsel, Inc.* (1989), Ind.App., 535 N.E.2d 1222, 1231. A trial court's decision to permit amendment will only be reviewed for an abuse of discretion. Indiana Rules of Procedure, Trial Rule 15(A); *Bard Elec. v. Insurance Co. of North America* (1986), Ind.App., 494 N.E.2d 346, *reh. denied, trans. denied.*

 The pleadings, Answers to Interrogatories and depositions disclosed that Plum Creek became a successor in interest to the Bank as Trustee of Trust No. 3436 on September 19, 1985. Although the Buyers' offer of June 26, 1985, was made to the Bank, the Buyers' deposit was placed into a Plum Creek account. In its third party complaint, Plum Creek asserted that the Plum Creek Partnership had accepted and ratified the acts of Brant as an agent of the Plum Creek Partnership. Plum Creek claimed that it had incurred $11,360.51 in engineering fees. However, Plum Creek did not demonstrate the existence of any issue of material fact such that a fact-finder might conclude that the Buyers were liable for that amount. Uncontroverted discovery showed that the Buyers made an offer to the Bank; the Bank did not execute any written acceptance of that offer; the Buyers' deposit was forwarded to Plum Creek, which at the time of the offer had no interest in the subject real estate.

Each party named in the amended complaint had knowledge of the failed real estate transaction and had an opportunity to litigate claims or defenses. The trial court did not abuse its discretion in permitting a T.R. 15 amendment of pleadings to conform to the evidence.

## II.

### Compensatory Damages

The Appellants contend that the Buyers rescinded a contract and should be entitled to recover only their deposit with interest thereon. They argue that the trial court erred in permitting recovery of compensatory damages ($2,500.00 for architectural fees and $585.00 for engineering fees).

The Buyers reply that no contract was formed, as their offer was not accepted by the offeree. A legally binding contract requires an offer, acceptance and consideration. *Rice v. Scott County School Dist.* (1988), Ind.App., 526 N.E.2d 1193, 1198.

 The Buyers obtained summary judgment on the issue of contract formation. However, they contend that they are entitled to compensatory damages upon a theory of fraudulent misrepresentation rather than upon a breach of contract theory. The appellants reply that the Buyers' original and amended complaints fail to specifically aver the circumstances constituting a fraud perpetrated against them, as required by Indiana Rules of Procedure, Trial Rule 9.

T.R. 9(B) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically averred. Malice, intent, knowledge, and other conditions of mind may be averred generally."

The Buyers' Complaints averred that Brant misrepresented to them that he had delivered the agreement to the Bank for execution and that the agreement would be returned to them. Discovery disclosed that Brant did not deliver the agreement to the Bank for execution, but deposited the Buy-

---

5. Judge Hoffman also noted that courts are reluctant to base their decisions on equitable estoppel in cases involving title to property as it would greatly tend to undermine the security of title. *Kokomo, supra,* at 644.

ers' down payment into the bank account of an entity which was neither an offeree under the agreement or an owner of the subject real estate.[6]

The Bank admitted in its counterclaim that Brant acted as an agent of the Bank. Plum Creek admitted in its third-party complaint that it ratified and accepted all acts of Brant, the managing partner. The trial court appropriately found each appellant liable for compensatory damages flowing from Brant's misrepresentation to the Buyers.

## III.

### Attorney Fees

The appellants next contend that the trial court erred in awarding the Buyers attorney fees pursuant to IC 34-1-32-1. The trial court stated: "The Court finds that the counterclaimants' counterclaims were frivolous, unreasonable and groundless; and that the counterclaimants continued to litigate their counterclaim in bad faith; and that the counterclaimant, Plum Creek Village Associates, an Indiana partnership, continued to litigate the counterclaim after the counterclaim became frivolous, unreasonable and groundless." Record, p. 324.

■ We review de novo the trial court's legal conclusion that a party litigated in bad faith or pursued a frivolous, groundless or unreasonable claim or defense. We then review the trial court's decision to award attorney fees and the amount thereof under an abuse of discretion standard. Kahn v. Cundiff (1989), Ind.App., 533 N.E.2d 164, 167.

■ A claim or defense is "frivolous" if it is taken primarily for the purpose of harassment, if the attorney is unable to make a good faith and rational argument on the merits of the action, or if the lawyer

is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. A claim or defense is "unreasonable" if, based on the totality of the circumstances, including the law and the facts known at the time of filing, no reasonable attorney would consider that the claim or defense was worthy of litigation. A claim or defense is "groundless" if no facts exist which support the legal claim presented by the losing party. Id. at 170-71.

■ A trial court is not required to find an improper motive to support an award of attorney fees. An award may be based solely upon the lack of a good faith and rational argument in support of the claim. Id. at 171.

■ The counterclaims of the Bank, Brant and Plum Creek lacked a factual basis. The Bank admittedly never accepted an offer to purchase real estate made by the Buyers. The Trustee of Trust No. 3436 had not seen the Buyers' offer prior to answering interrogatories on July 25, 1986 (Record, p. 47). Yet the Bank filed a counterclaim against the Buyers, seeking $37,000.00 under a breach of contract theory. Brant admittedly did not forward the Buyers' offer to his co-beneficiary for execution, although the terms of Trust No. 3436 provided that a conveyance of title to trust property could only be made jointly. He admitted that neither he nor the Bank sustained any damages. Thereafter, the original counterclaimants sought permission to file an action denominated as a third-party complaint (although properly a complaint by a substituted party, Plum Creek being the successor-in-interest to the Bank).

The "third-party complaint" again alleged that the Buyers breached a contract for purchase of real estate. In effect, the

---

6. We note that the instant case may be distinguished from Holtzclaw v. Bankers Mut. Ins. Co. (1983), Ind.App., 448 N.E.2d 55, reh. denied, trans. denied, upon which the appellants rely. The instant case presents no issue of material fact as to whether Brant had knowledge that he made a false representation to the Buyers that the Agreement to Purchase was offered to the real estate owner for execution. Brant admitted

in discovery and at trial that he did not solicit acceptance of the Agreement to Purchase from the trust co-beneficiary. He admitted that the real estate was transferred to another trust and ultimately sold to Plum Creek. He admitted that the funds which he obtained from the Buyers were not tendered to the Bank, as the legal owner of the trust res.

appellants were given a second opportunity to demonstrate the existence of facts underlying the formation of a contract, but were unable to do so. Despite the lack of a contract, and despite the eventual sale and development of the subject real estate, the appellants continued to litigate a claim for liquidated damages and engineering fees. The trial court properly awarded attorney fees under IC 34–1–32–1.

Next, we consider whether the trial court abused its discretion with respect to the amount of attorney fees. The appellants contend that the trial court misunderstood the testimony of the Buyers' attorney at the damages hearing. The Buyers' attorney presented evidence that he had expended a total of 82.15 hours on the instant case. However, responses elicited from Attorney Nagy did not make clear how many hours were related to the counterclaim and how many hours were related to the Buyers' original and amended complaints and motions for summary judgment thereon. The appellants contend that only 1.75 hours is attributable to the counterclaim, while the Buyers contend that the appropriate sum is 79.15 hours. The trial court awarded attorney fees for 79.15 hours.

An award of attorney fees is appropriately limited to those fees incurred because of the basis underlying the award. *See Novak v. Apollo Printing and Thermography, Inc.* (1990), Ind.App., 562 N.E.2d 1305, 1308. At the damages hearing in the instant case, no clear allocation of fees was made. Therefore, we remand for a further hearing as to the fees reasonably incurred in defense of the appellants' counterclaims.[7]

Finally, the Buyers request that we assess damages against the appellants pursuant to Indiana Rules of Procedure, Appellate Rule 15(G). In light of our reversal, in part, of the trial court's judgment, we conclude that such an award of damages would be inappropriate.

7. We also agree with the appellants that the award of $145.45 for deposition expenses was inappropriate. *See Eversole v. Consolidated*

Affirmed in part; reversed in part; and remanded for hearing on attorney fees.

HOFFMAN and GARRARD, JJ., concur.

*Rail Corp.* (1990), Ind.App., 551 N.E.2d 846, 855, *reh. denied.*