**HIGHLAND SPRINGS SOUTH HOMEOWNERS ASSOCIATION, INC.,**
Appellant–Plaintiff,

v.

**Vanessa REINSTATLER,**
Appellee–Defendant.

No. 30A01–0812–CV–602.

Court of Appeals of Indiana.

June 16, 2009.

---

Eric N. Allen, Allen Wellman McNew, LLP, Greenfield, IN, Attorney for Appellant.

David P. Murphy, David P. Murphy & Associates, P.C., Greenfield, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issues

Highland Springs South Homeowners Association ("HOA") filed a complaint for injunctive relief against Vanessa Reinstatler, seeking to keep her from building an addition to her home in the Highland Springs South subdivision. HOA appeals the trial court's order dismissing its complaint with prejudice as premature. HOA also appeals the trial court's subsequent denial of its motion to amend to conform to the evidence. HOA raises several issues, of which we find the following dispositive: whether the trial court properly granted summary judgment to Reinstatler and dismissed HOA's complaint. We also address HOA's contention that the trial court erred in denying its motion to amend its complaint to conform to the evidence. Concluding that the complaint is not premature and should not have been dismissed and that the trial court abused its discretion in denying HOA's motion to amend, we reverse and remand to the trial court for further proceedings.

### Facts and Procedural History

Reinstatler is a homeowner in the Highland Springs South subdivision in McCordsville, Indiana. Her home sits at an angle on a corner lot bordered on the north by North Mirafield Lane and on the east by North Woody Creek Crossing. HOA represents the homeowners within the subdivision. Homeowners in Highland Springs South are subject to certain restrictive covenants, including the following:

[2.E.iii.] No dwelling, building structure, or improvement of any type shall be erected, placed or altered on any building plat in this Highland Springs South Subdivision until the building plans, specifications, landscaping, and plot plan showing the location of such dwelling, building structure, or improvement have been approved in writing as to the conformity and harmony of external design with the existing structures herein and as to the building with respect to topography and finished ground elevation, by a committee composed of assigned Members of the [HOA], overseen and selected by the current Board of Directors (herein referred to as the "Committee").

* * *

[2.E.viii.] The Committee may refuse to grant approval and permission to construct, place, or make the requested improvement, when:

1. The plans, specifications, drawings or other material submitted are themselves inadequate or incomplete, or show the improvement to be in violation of these restrictions.

2. The design or color scheme of a proposed improvement is not in harmony with the general surroundings of the lot, adjacent structures or buildings, or the Subdivision.

3. The proposed improvement, or any part thereof, would, in the sole opinion of the Committee, be contrary to the interests, welfare, or rights of all or any part of the other owners.

* * *

[2.I.i.] Building set back lines are hereby established on this plat, between which lines and the property lines of the street, shall be erected or maintained no building or structure.

Appellant's Appendix at 11–13. The plat shows fifty-foot set back lines from both North Mirafield Land and North Woody Creek Crossing on Reinstatler's property.

Sometime prior to March 19, 2008, Reinstatler requested approval from the Committee for a 612–square–foot, first-floor room addition to her house. The addition, as shown on a drawing Reinstatler submitted, would encroach upon the fifty-foot set back along North Woody Creek Crossing. On March 19, 2008, the Committee informed Reinstatler that her request was denied because "the addition would violate the set back guidelines, would not be in harmony with the general surroundings of the lot and would be contrary to the interests, welfare, or rights of all or any part of the other owners." *Id.* at 69.

On or about March 18, 2008, Reinstatler filed an application with the McCordsville Division of the Hancock County Area Board of Zoning Appeals ("BZA"), seeking a variance to reduce the required fifty-foot set back to 26.5 feet to allow addition of a first-floor master suite to her home. A public hearing was set for April 2, 2008, and notice of the hearing was mailed to all interested parties. Several written objections to the variance were submitted by Highland Springs South residents prior to the public hearing.

At the April 2 hearing, Reinstatler presented proposed plans for the addition to her home and two Highland Springs South residents were present to support Reinstatler's application. The written objections and decision of the Committee were also presented to the BZA. The BZA voted unanimously to approve the variance, "with the conditions that the proposed room addition shall substantially conform to the submitted plot plan and building elevations, and, the proposed room addition shall match the color and materials of the existing house to the satisfaction of the Hancock County Planning Director." *Id.* at 85. At the May 7, 2008, BZA hearing, Reinstatler requested and was granted approval to obtain building permits. In e-mail correspondence with Jim Miller, HOA President, Reinstatler indicated on May 18, 2008, that she would "acquire the Building Permit soon and will start construction as weather permits." *Id.* at 104.

On May 21, 2008, HOA filed a Complaint for Injunctive Relief against Reinstatler, alleging:

Reinstatler has indicated that she does not recognize the powers of [HOA] to enforce the covenant and has indicated both verbally and in writing that she intends to proceed with the construction. Reinstatler has requested a building permit from the Town of McCordsville and will receive that permit upon payment of the fee.

*Id.* at 7. HOA sought a permanent injunction enjoining Reinstatler from constructing the proposed room addition within the fifty-foot set back and from constructing any improvement to her home without prior written approval from the Committee. HOA also sought judgment against Reinstatler for the attorney fees, expenses, and costs incurred in enforcing the restrictive

covenants. Reinstatler filed an answer and a motion to dismiss. Reinstatler alleged the trial court lacked subject matter jurisdiction and HOA failed to state a claim upon which relief could be granted. She attached several exhibits to her motion to dismiss. In response, HOA filed a motion for summary judgment. The case was submitted on the pleadings without argument. At Reinstatler's request, the trial court entered findings of fact and conclusions thereon granting Reinstatler's motion to dismiss, denying HOA's motion for summary judgment, and dismissing HOA's complaint with prejudice. HOA filed a motion to amend the pleadings to conform to the evidence and a motion to correct error. Both motions were denied. HOA now appeals.

### Discussion and Decision

### I. Standard of Review

We note first that although Reinstatler's motion was designated a "motion to dismiss," she submitted supporting affidavits and other exhibits. Although the trial court stated that it was granting Reinstatler's motion to dismiss, the trial court's order also shows it reviewed the documents submitted therewith. *See* Findings of Fact, Conclusions [of] Law and Judgment, page 1, appended to Appellant's Brief ("The Court having considered all of the designated materials....").[1] Trial Rule 12(B) states that a motion to dismiss for failure to state a claim upon which relief can be granted *"shall* be treated as one for summary judgment" if matters outside the pleading are presented and not excluded. (Emphasis added); *see Ace Foster Care & Pediatric Home Nursing Agency Corp. v. Ind. Family & Soc. Servs.*

*Admin.,* 865 N.E.2d 677, 681–82 (Ind.Ct. App.2007) ("Both parties were provided a reasonable opportunity to present external material and to respond to the arguments made. Therefore, we will review the trial court's order as one granting summary judgment to [defendant].").[2] Therefore, we will review the trial court's order as one granting summary judgment to Reinstatler.

Summary judgment is appropriate only when the designated evidence "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). "A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on such an issue." *Scott v. Bodor, Inc.,* 571 N.E.2d 313, 318 (Ind.Ct. App.1991).

We review the grant or denial of a motion for summary judgment *de novo. Univ. of S. Ind. Found. v. Baker,* 843 N.E.2d 528, 531 (Ind.2006). We examine only those materials properly designated by the parties to the trial court. *Trietsch v. Circle Design Group, Inc.,* 868 N.E.2d 812, 817 (Ind.Ct.App.2007). We construe all facts and reasonable inferences drawn from them in favor of the non-moving party, *Am. Home Assurance Co. v. Allen,* 814 N.E.2d 662, 666 (Ind.Ct.App.2004), *trans. dismissed,* and resolve all doubts as to the existence of a material issue against the moving party, *Tibbs v. Huber, Hunt & Nichols, Inc.,* 668 N.E.2d 248, 249 (Ind. 1996). The movant has the initial burden of proving the absence of a genuine issue

---

1. Although a copy of the appealed judgment appears in the Appellant's Brief as required by Indiana Appellate Rule 46(A)(10), it does not also appear in the appendix, as required by Rule 50(A)(2)(b).

2. Both parties agree the summary judgment standard of review should be applied. *See* Brief of Appellant at 6–7; Brief of Appellee at 7–8.

of material fact as to an outcome determinative issue and only then must the non-movant come forward with evidence demonstrating the existence of genuine factual issues which should be resolved at trial. *Jarboe v. Landmark Cmty. Newspapers of IN, Inc.*, 644 N.E.2d 118, 123 (Ind.1994).

■ The party appealing the trial court's summary judgment decision has the burden of persuading us that the decision was erroneous. *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 908 (Ind.2001). We are not bound by the trial court's findings and conclusions in support of its summary judgment decision,[3] although "they aid our review by providing the reasons for the trial court's decision." *GDC Envtl. Servs. Inc. v. Ransbottom Landfill*, 740 N.E.2d 1254, 1257 (Ind.Ct. App.2000).

Finally, the fact that both parties have requested summary judgment does not change our standard of review. We consider each motion separately to determine whether there is an issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Estates of Kalwitz v. Kalwitz*, 717 N.E.2d 904, 910 (Ind.Ct.App.1999).

## II. Reinstatler's Motion for Summary Judgment

■ Reinstatler's motion is titled "Motion to Dismiss [HOA's] Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action Against [Reinstatler]," and is purportedly based on Trial Rule 12(B)(1) and 12(B)(6). Appellant's App. at 30. The substance of the motion, in total, is as follows:

### LACK OF SUBJECT MATTER JURISDICTION

1. That on August 23, 1994 the Hancock County Area Wide Commission (hereafter "Plan Commission") approved the "Highland Springs, Secondary Plat, Section 11, Amended Covenants["] (hereafter "Plat"); that said Plat was recorded on February 6, 1995 in the Office of the Recorder of Hancock County, Indiana as Instrument Number 95–00826 in Cabinet B, Slide 255, Instrument Number 95826; that a certified copy of said Plat is furnished herewith as an oversized document and marked Exhibit "A".

2. That the Plat contains a set back requirement which prohibits building within fifty (50) feet of the front boundary of any lot.

3. That this setback requirement is a developmental standard imposed by the Plan Commission as a condition of approval of the Plat.

WHEREFORE [Reinstatler] respectfully prays that [HOA's] "Complaint for Injunctive Relief" filed May 21, 2008, be dismissed and for all further relief proper in the premises.

*Id.* at 30–31. Attached to the motion were various documents relevant to the variance Reinstatler had sought and been granted from the BZA. Subsequent pleadings sub-

---

**3.** As noted above, Reinstatler requested specific findings of fact and conclusions thereon pursuant to Trial Rule 52. However, that rule is applicable in actions "tried upon the facts without a jury." Because the trial court here entered summary judgment based upon designated evidence, the rule is inapplicable. *Knowledge A–Z, Inc. v. Sentry Ins.*, 891 N.E.2d 581, 585 (Ind.Ct.App.2008). *trans. denied; see also Charles T. Hyte Cmty. Ctr. Ass'n of Terre Haute, Inc. v. City of Terre Haute Park Bd.*, 883 N.E.2d 1183, 1188 (Ind.Ct.App.2008) ("Findings of fact are unnecessary on decisions of motions under Rules 12 or 56 [and are] inappropriate when summary judgment is entered because there are no issues of fact." (quotation omitted)), *trans. denied.* We will not, therefore, engage in the two-tiered review of findings and conclusions, *see Bowyer v. Ind. Dep't of Natural Res.*, 882 N.E.2d 754, 761 (Ind.Ct.App.2008), nor will we address HOA's challenges to specific findings.

mitted to the trial court clarify Reinstatler's position. In her reply to HOA's motion for summary judgment, she contends that "[n]o owner created restrictive covenants are involved in the case at bar," that HOA should have appealed the BZA decision if it disagreed with the variance, that HOA's complaint is premature because she has taken no action in violation of the restrictive covenants, and that the trial court has "no jurisdiction to overrule the decision of the BZA by granting an injunction to prevent [her] from doing what the BZA has determined she may do." *Id.* at 110. The trial court granted Reinstatler's motion on the basis that although HOA's complaint alleged that Reinstatler planned to violate the set back restriction, she had "taken no action to trigger an enforcement action by [HOA] and the action herein is not ripe for litigation." Findings of Fact, page 6.

■ A restrictive covenant is an express contract between the grantor and grantee that restrains the grantee's use of her land. *Villas West II of Willowridge Homeowners Ass'n v. McGlothin,* 885 N.E.2d 1274, 1278 (Ind.2008), *cert. denied,* — U.S. —, 129 S.Ct. 1527, 173 L.Ed.2d 657 (2009). Such restrictions "are clothed with a very strong presumption of validity which arises from the fact that each individual unit owner purchases his unit knowing of and accepting the restrictions to be imposed." *Id.* at 1279 (quoting *Hidden Harbour Estates, Inc. v. Basso,* 393 So.2d 637, 639 (Fla.Dist.Ct.App.1981)). "It is quite well established, in Indiana as elsewhere, that zoning ordinances and laws cannot relieve real estate from valid private restrictive covenants." *Suess v. Vogelgesang,* 151 Ind.App. 631, 639, 281 N.E.2d 536, 541 (1972). Restrictive cove-

nants are not proper considerations in the *issuance* of a variance, as the only applicable requirements are those set forth in the enabling legislation, *id.* at 544; *see also* Ind.Code § 36–7–4–918.5(a), and restrictive covenants are enforceable only by the parties thereto, *Suess,* 281 N.E.2d at 543. However, the *implementation* of a variance cannot be in violation of valid and reasonable restrictive covenants. *Id.* at 542. Thus, Reinstatler's reliance on the decision of the BZA in granting her a variance is not well-taken in this action to enforce a restrictive covenant.[4] The BZA decision is not relevant and does not deprive the trial court of jurisdiction in this action to enforce the restrictive covenants.

■ We turn then to Reinstatler's prematurity argument, with which the trial court agreed. An injunction will not be issued where the plaintiff cannot demonstrate "the present existence of an actual threat that the action sought to be enjoined will come about." *Adams v. City of Fort Wayne,* 423 N.E.2d 647, 651 (Ind.Ct. App.1981). In *Adams,* the defendant had requested that the city's common council rezone approximately fifty acres of land from residential to industrial so it could use the land as a truck sales lot. The common council accepted the recommendations of the plan commission that the rezoning be approved subject to the condition that the defendant agree to erect a barrier to shield adjoining property. The plaintiffs sought an injunction prohibiting the defendant from requesting an occupancy permit and prohibiting the common council from issuing such a permit until the barrier was erected, claiming that the defendant "will seek in the near future an occupancy permit for building upon [the

---

4. In this regard, we note that the trial court's findings of fact relying on the BZA decision are also misplaced. That the set back restriction was imposed in order to obtain plat ap-

proval does not make it any less a restriction enforceable by HOA regardless of any variance granted by the BZA.

land]." *Id.* at 651. We affirmed the trial court's dismissal of the complaint because "the circumstances outlined in the complaint [do not] even potentially establish 'the present existence of an actual threat.'" *Id.* "[A]pprehension that the city council, if an occupancy permit is requested, will choose to ignore a condition previously attached to a zoning ordinance and issue the permit, is sheer speculation and conjecture." *Id.* at 652 (quotation omitted). In *Burke v. Gardner*, 221 Ind. 262, 47 N.E.2d 148 (1943), the plaintiffs sought a declaratory judgment keeping the defendants from erecting a church building in their subdivision contrary to covenants restricting buildings therein to only residential purposes. The defendants had purchased material for construction and given the plaintiffs express notice of their intention to begin building on a date certain. The plaintiffs apparently requested a declaratory judgment out of fear that a suit for injunctive relief would be premature. Although affirming the trial court's judgment sustaining a demurrer to the complaint, the court noted that there "can be no doubt" the facts alleged were sufficient grounds to have proceeded in equity to enjoin the proposed construction. *Id.* at 150. The plaintiff "may institute his [complaint] when the erection of a prohibited structure is threatened without waiting for its actual construction." *Id.* (quoting 14 Am.Jur. Covenants, Conditions and Restrictions § 339).

The facts of this case fall somewhere between *Adams* and *Burke*, but we believe they fall closer to *Burke*. There is no allegation in the pleadings that Reinstatler

has bought construction materials, hired a contractor, or set a date certain to begin construction on the addition. However, that she intends to imminently begin construction on an addition to her home in violation of HOA restrictive covenants is not "speculation and conjecture." She has procured a variance, has received approval to obtain the necessary building permits, and has indicated that she will begin construction as soon as the weather permits. These actions represent the "present existence of an actual threat."[5] Therefore, HOA's complaint for injunctive relief was not premature, Reinstatler was not entitled to judgment as a matter of law, and the trial court erred in granting summary judgment to Reinstatler and dismissing HOA's complaint.

### III. HOA's Motion to Amend

After entry of the trial court's judgment, HOA filed a motion to amend the pleadings to conform to the evidence. HOA's complaint alleged that Reinstatler "requested from [the Committee] a variance from the covenant/plat established setback line." Appellant's App. at 7. HOA's motion to amend alleges that "the evidence actually shows that Reinstatler requested approval for a room addition" and that her request was denied for three reasons: 1) that the proposed addition violated the setback lines established in the plat; 2) the design of the proposed addition was not in harmony with the general surroundings of the lot, adjacent structures or buildings, and the subdivision; and 3) the proposed addition was contrary to the interest, welfare, and rights of other

---

5. The trial court's decision that Reinstatler has "taken no action" allowing HOA to seek injunctive relief would seem to require that Reinstatler actually begin construction, or at least purchase materials for such construction, before HOA's claim would be ripe. Not only does the law not require such definitive action, but we also believe that an earlier

determination is in both parties' best interests, in that if the construction should ultimately be enjoined, Reinstatler would not have expended substantial funds in beginning construction and no structure or other groundwork would have to be removed to comply with the injunction.

owners in the subdivision. *Id.* at 182. Reinstatler's request and the Committee decision are reflected in correspondence from the Committee chair to Reinstatler that was included as an exhibit to Reinstatler's motion to dismiss. The trial court denied the motion.

■■■■ Indiana Trial Rule 15(B) provides:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment....

A trial court has discretion to allow amendments to promote relief for a party based upon the evidence actually forthcoming at trial. *Brant v. Hester,* 569 N.E.2d 748, 753 (Ind.Ct.App.1991). A trial court's decision regarding amendment will be reviewed for an abuse of discretion. *Id.* The trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. *Ratliff v. Ratliff,* 804 N.E.2d 237, 248 (Ind. Ct.App.2004). A trial court should not grant a motion to amend where the opposing party establishes that amendment would prejudice his action or defense. *Woodward v. Heritage Constr. Co., Inc.,* 887 N.E.2d 994, 998 (Ind.Ct.App.2008) (quotation omitted).

The evidence, not considered by the trial court due to its disposition of the case, supports HOA's motion to amend. The amendment would allow the complaint to reflect the entirety of HOA's position as set forth over the course of the proceedings: that is, that the set back violation is not the only reason Reinstatler's request for approval of her room addition was denied. *Cf. Bailey v. State Farm Mut. Auto.*

*Ins. Co.,* 881 N.E.2d 996, 1001 (Ind.Ct.App. 2008) ("A party should ... be permitted to amend its pleadings to change its theory of recovery if that theory of recovery is supported by the facts as presented at trial."). The Committee report denying Reinstatler's request to build the addition and stating the multiple reasons for the denial was included in Reinstatler's designated evidence, and therefore, she can neither have an objection to the evidence nor show that she is prejudiced by amendment of the complaint to more accurately reflect the request she made and the decision the Committee made. The trial court abused its discretion in denying HOA's motion to amend.

*Conclusion*

HOA's complaint was not premature, as there is the present existence of an actual threat that Reinstatler will begin construction of a room addition in violation of the restrictive covenants. HOA's motion to amend its complaint to conform to the evidence should have been granted, as the evidence supports the amendment and Reinstatler will not be prejudiced thereby. We therefore reverse the trial court's dismissal of HOA's complaint and remand to the trial court to grant HOA's motion to amend and to proceed to the merits of HOA's complaint for injunctive relief.

Reversed and remanded.

DARDEN, J., and BAILEY, J., concur.