FILED

Dec 13 2023, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Alexander E. Budzenski
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Paternity of A.J.L.B., a Minor, by his next friend Grisel Bonilla Lemus, <br><br> *Appellant-Petitioner,* <br><br> v. <br><br> Jaime Lazo Alvarenga, <br><br> *Appellee-Respondent* | December 13, 2023 <br><br> Court of Appeals Case No. 23A-JP-1436 <br><br> Appeal from the Bartholomew Superior Court <br><br> The Honorable Jonathan L. Rohde, Judge <br><br> Trial Court Cause No. 03D02-2305-JP-2187 |

**Opinion by Judge Crone**
Judges Riley and Mathias concur.

**Crone, Judge.**

## Case Summary

[1]     Following the entry of the trial court's judgment granting the paternity petition filed by Grisel Bonilla Lemus (Mother), Mother filed two motions. First, she

filed a motion to correct error, in which she asked the trial court to amend the judgment to add findings that are required for Special Immigrant Juvenile (SIJ) status. The trial court denied the motion, stating that Mother had not asked for the findings in her petition or at the hearing on the petition. Mother also filed a motion to amend the pleadings to conform to the evidence seeking to amend the paternity petition to add a request for the findings required for SIJ status. The trial court also denied that motion.

[2] Mother now appeals. She argues that the trial court erred in denying her motion to correct error because the requested SIJ findings were sufficiently before the court. She also asserts that the trial court erred in denying her motion to amend the pleadings because the evidence at trial supported amendment. We agree with Mother on both issues, and therefore we reverse and remand with instructions to grant Mother's motions and issue a new judgment with the requested SIJ findings.

## Facts and Procedural History

[3] On May 4, 2023, Mother filed her paternity petition, in which she alleged the following: Mother resides in Columbus, Indiana; A.J.L.B. (Child) was born in February 2013 in Honduras; Jaime Lazo Alvarenga (Father) is Child's biological father and is identified as such on Child's birth certificate; Mother and Father have never resided together; Father has not communicated with or provided financial support for Child for nine years; Father's exact whereabouts are unknown; Mother seeks establishment of paternity and to be awarded sole legal and physical custody of Child; Child's best interest is served by granting

the petition because Father "has abandoned [C]hild in that he has never been a part of [Child's] life and has never provided any type of economic support," and "it is in the Child's best interest that [he] not be returned to [his] home country as there is no one there that can properly care for [him], and the country is extremely dangerous." Appellant's App. Vol. 2 at 12-13. Mother requested a hearing "to adjudicate this Petition to establish paternity, to grant to her sole legal and physical custody of the minor [C]hild, and for all other proper relief in the premises." *Id.* at 13. Along with the petition, Mother filed Child's birth certificate, Father's consent and waiver of service and notice, and Father's affidavit. In his affidavit, Father attested that he did not have any contact with or provide financial support for Child, that Father's country is "very violent … and there is also a lot of poverty," and that it is in Child's best interest that Mother have full custody. *Id.* at 21.

[4] On May 25, 2023, the trial court held a hearing with Mother, her counsel, and a court-appointed interpreter present. The court took judicial notice of Mother's petition and the documents filed with it. Mother testified that she separated from Father shortly after Child's birth, that Father had not had contact with or provided financial assistance to Child, and that Father and Child do not have a relationship. Mother explained that she brought Child to the United States when he was six years old because it was not safe in Honduras. Mother testified that she had lived in Columbus for approximately five years with Child, who was currently in fourth grade, and that Mother worked full time in a factory. In addition, Mother testified that she believed that Father had abandoned Child

and that it is in Child's best interest to remain in Indiana under her care. At the conclusion of the hearing, the trial court informed Mother's counsel that it had the proposed order and would take the matter under advisement.

[5] The proposed order included findings regarding paternity, custody, and parenting time, as well as the following two findings that are the subject of this appeal:

> 19. This Court is a state court with juvenile jurisdiction according to IC § 31-21-5-1,[1] and it now places child under the custody of child's Mother, Grisel Bonilla Lemus, an individual appointed by the Court, who is hereby appointed as the sole legal and physical custodian of [Child].

> 20. [Child] is an unmarried minor who has been abandoned according to IC § 31-19-9-8,[2] by his biological father, who has not had contact with child, nor provided economic support for child, for approximately 10 years. Child is unable to care for his person, and child's reunification with his father is not possible at this time due to the abandonment. Under Indiana law, it is in child's best interest to not be returned to Honduras but rather to stay here with [Mother], where [Mother] can continue to care for child, due to the fact that there is no one in Honduras who can properly care for the child, in addition to the fact that the country is extremely dangerous and Child would be unable to care for himself due to his minority.

---

[1] Indiana Code Section 31-21-5-1 sets forth the jurisdictional prerequisites for making an initial child custody determination under the Uniform Child Custody Jurisdiction Act.

[2] Indiana Code Section 31-19-9-8(b) provides, "If a parent has made only token efforts to support or to communicate with the child the court may declare the child abandoned by the parent."

*Id.* at 33. Later that day, the trial court entered the judgment granting Mother's petition. The judgment included findings that Father had not had contact with or provided financial support for Child for approximately ten years and that it was in Child's best interest for Mother to have sole legal and primary physical custody of Child. In sum, the judgment included the findings in the proposed order except for findings 19 and 20.

[6] On May 27, 2023, Mother filed her motion to correct error. Mother stated that Child was working to resolve his immigration status, which included an SIJ status petition, and that the United States Citizenship and Immigration Services (USCIS) requires that the judgment include specific language regarding certain findings. Mother requested that the judgment be amended to add the findings with the required language (findings 19 and 20) and stated that the amendment to the judgment did not require additional findings beyond those it already contained to support the language required by the USCIS.

[7] On May 31, 2023, the trial court issued an order denying Mother's motion to correct error on the basis that neither Mother nor her counsel had requested the findings with the language needed for SIJ status in Mother's petition or during the hearing.

[8] On June 14, 2023, pursuant to Indiana Trial Rule 15(B), Mother filed her motion to amend the pleadings. Mother acknowledged that the proposed order that she had filed with the court before the final hearing requested determinations regarding the Child's best interest that had not been specifically

requested in the paternity petition, but she explained that she did not purposefully omit the requested determinations from the petition in an attempt to deceive or conceal. Mother asserted that she provided sufficient testimony at the final hearing for a ruling on all the requested determinations in the proposed order, and she requested that "the pleadings be amended as the presentation of the merits of the action will be subserved thereby." *Id*. at 36. The same day, the trial court denied the motion. This appeal ensued.

## Discussion and Decision

[9] As an initial matter, we note that Father did not file an appellee's brief. "When an appellee fails to submit a brief, we do not undertake the burden of developing arguments, and we apply a less stringent standard of review; that is, we may reverse if the appellant establishes *prima facie* error." *In re Paternity of Mendoza Bonilla*, 127 N.E.3d 1181, 1184 (Ind. Ct. App. 2019). Prima facie error means "at first sight, on first appearance, or on the face of it." *Willis v. Dilden Bros., Inc.*, 184 N.E.3d 1167, 1184 (Ind. Ct. App. 2022) (quoting *Atkins v. Crawford Cnty. Clerk's Off.*, 171 N.E.3d 131, 138 (Ind. Ct. App. 2021)), *trans. denied*. "This less stringent standard of review relieves us of the burden of refuting arguments advanced in favor of reversal where that burden properly rests with the opposing party." *Id*.

[10] Mother appeals the denials of her motion to correct error and her motion to amend the pleadings.[3] "A trial court's rulings on a motion to correct error and on a motion to amend the pleadings are reviewed for an abuse of discretion." *Perkins v. Brown*, 901 N.E.2d 63, 65 (Ind. Ct. App. 2009). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Poiry v. City of New Haven*, 113 N.E.3d 1236, 1239 (Ind. Ct. App. 2018).

[11] Both of Mother's motions sought to secure a final judgment with findings required for Child to seek SIJ status. SIJ is a classification under federal law that allows a qualifying resident alien child the potential to attain lawful permanent residency in the United States. *In re Guardianship of Luis*, 114 N.E.3d 855, 857 (Ind. Ct. App. 2018) (citing 8 U.S.C. § 1101(a)(27)(J) and 8 C.F.R. § 204.11)). Congress created the SIJ classification "to protect abused, neglected, and abandoned immigrant youth through a process allowing them to become legal permanent citizens." *Id*. (quoting *In re J.J.X.C., a Child*, 734 S.E.2d 120, 123 (Ga. Ct. App. 2012)).

---

[3] Mother titled her motion "52(B) Motion to Amend Judgment and/or Motion to Correct Errors." Appellant's App. Vol. 2 at 28. Indiana Trial Rule 59 permits any party to file a motion to correct error within thirty days of the entry of final judgment and grants the trial court the authority to "[a]lter, amend, modify, or correct judgment," or "[a]mend or correct the findings or judgment as provided in Rule 52(B)." Indiana Trial Rule 52(B) authorizes the trial court to "take additional testimony, amend or make new findings of fact and enter a new judgment or any combination thereof," "with or as part of a" Trial Rule 59 motion to correct error.

[12] Although the final decision regarding whether a child qualifies for SIJ status is made by the federal government, the process for obtaining SIJ status requires "the collaboration of state and federal systems." *Id*. at 858 (quoting *In re Marisol N.H.*, 979 N.Y.S.2d 643, 645 (N.Y. App. Div. 2014)). The state juvenile court, "as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests[,]"'"is charged with making the factual inquiry relevant to SIJ status" and entering an order regarding its findings. *Id*. (quoting *J.J.X.C.*, 734 S.E.2d at 124). The "state court's role in the SIJ process is not to determine worthy candidates for citizenship, but simply to identify abused, neglected, or abandoned alien children under its jurisdiction who cannot reunify with a parent or be safely returned in their best interests to their home country." *Id.* After the state court issues an order with the required findings, the child can submit his or her application for SIJ status to the USCIS. *Id*. "Relief is not guaranteed and denial of the application renders [the minor] subject to deportation as an undocumented immigrant." *In re Guardianship of Xitumul*, 137 N.E.3d 945, 955 (Ind. Ct. App. 2019) (quoting *In re Estate of Nina L.*, 41 N.E.3d 930, 938-39 (Ill. Ct. App. 2015)) (alteration in *Xitumul*). Although there are few Indiana cases addressing SIJ status, we have held that a trial court errs when it fails to make findings on SIJ status when requested. *Luis*, 114 N.E.3d at 859; *Xitumul*, 137 N.E.3d at 953-54; *Mendoza Bonilla*, 127 N.E.3d at 1187.

[13] As Mother recognizes in her appellant's brief, for a child to be eligible for SIJ status, the state juvenile court must make the following findings:

(1) "reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law"; and (2) "it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence."

Appellant's Br. at 5 (quoting 8 U.S.C. § 1101(a)(27)(J)(i)-(ii)).

[14] Turning first to the trial court's denial of Mother's motion to correct error, we note that it did so on the basis that Mother never requested "the Court to make certain findings necessary to seek classification as a special immigrant juvenile in accordance with 8 U.S.C. § 1101(a)(27)(J)." Appealed Order at 4. Mother concedes that her petition could have been clearer but asserts that the requested SIJ findings were sufficiently before the trial court because the facts to support the SIJ findings were pled, the evidence supported the facts, and the requested findings were in the proposed order.

[15] In support of her argument, Mother relies on *Xitumul*, 137 N.E.3d 945. In that guardianship case, the petition requested an order finding, among other things, that the child had "been abandoned and neglected by both of her parents" and that it was not in the child's "best interests to be returned to her country of nationality and last residence." *Id.* at 949 (citation omitted). In its order denying guardianship, the trial court stated that "[n]o mention was made in the pleadings or at the hearing that [the child] was seeking [SIJ] status under Federal Law," and that the petitioner "should have been more forthcoming as to the purpose of this litigation if the true purpose was to obtain findings in furtherance of" the child's SIJ status. *Id.* at 953 (citation and quotation marks

omitted). The *Xitumul* court concluded that even though the petitioner had not specifically mentioned SIJ status, the issue was before the trial court because the petition asked for findings regarding abandonment and the child's return to her country of nationality. *Id.* However, the *Xitumul* court observed,

> Citation to pertinent authority in a guardianship petition or specific invocation of SIJ status at a hearing may not be required. However, it is certainly not prohibited. And indeed, it is likely a good idea to be forthcoming in order to avoid situations such as this, where the relief requested was oblique at best and the lack of clarity likely contributed to the order failing to meet the requirements of an SIJ predicate order.

*Id.* (citation and quotation marks omitted).

[16] Here, Mother's petition alleged that Father has "abandoned [C]hild in that he has never been a part of [Child's] life and has never provided any type of economic support," and that "it is in the Child's best interest that [he] not be returned to [his] home country as there is no one there that can properly care for [him], and the country is extremely dangerous." Appellant's App. Vol. 2 at 12-13. These facts are sufficient under our notice pleading standard to raise SIJ status. *See Shields v. Taylor*, 976 N.E.2d 1237, 1245 (Ind. Ct. App. 2012) ("Notice pleading merely requires pleading the operative facts so as to place the defendant on notice as to the evidence to be presented at trial.").

[17] In addition, at the hearing, Mother testified that since she separated from Father shortly after Child's birth, Father has not had contact with or provided financial assistance to Child, Father has abandoned Child, and it is in Child's

best interest to remain in Indiana under her care. In his affidavit, Father attested that he did not have contact with or provide financial support for Child, that Father's country was "very violent … and that there is a lot of poverty," and that it is in Child's best interest that Mother have full custody. Appellant's App. Vol. 2 at 21. Finally, the proposed order submitted to the trial court at the hearing requested the specific findings necessary for Child's application for SIJ status. Like the Court in *Xitumul*, we conclude that the requested SIJ findings were before the court, and therefore the trial court abused its discretion by denying Mother's motion to correct error.

[18] Turning now to the motion to amend the pleadings, we observe that Indiana Trial Rule 15(B) provides,

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment ....

As discussed above, evidence was presented that supports the requested SIJ findings, and the proposed order requested the specific findings. The amendment would allow the petition to request relief that conforms to the evidence. *See Highland Springs S. Homeowners Ass'n, Inc. v. Reinstatler*, 907 N.E.2d 1067, 1075 (Ind. Ct. App. 2009) (concluding that amendment would allow complaint to reflect entirety of appellant's position as set forth over course of

proceedings), *trans. denied*. We conclude that the trial court abused its discretion in denying the motion to amend the pleadings.

[19] Although we have found that Mother's motions should have been granted, we nevertheless believe that the better practice would have been to clearly indicate to the trial court in the petition or at the hearing that specific SIJ findings were being requested. Obviously, that would have avoided the difficulties encountered here.

[20] Based on the foregoing, we reverse the trial court's denials of Mother's motions and remand with instructions to grant the motions, allow amendment of the petition, and amend the judgment to include the requested findings.

[21] Reversed and remanded.

Riley, J., and Mathias, J., concur.