MILESTONE CONTRACTORS, L.P., Appellant–Defendant,

v.

The INDIANA BELL TELEPHONE COMPANY, INC. dba Ameritech, Appellee–Plaintiff.

Milestone Contractors, L.P., Appellant–Defendant,

v.

The Indiana Bell Telephone Company, Inc., dba Ameritech, Appellee–Plaintiff.

No. 49A04–0007–CV–302.

Court of Appeals of Indiana.

Nov. 29, 2000.

Transfer Dismissed Jan. 31, 2001.

Linda Y. Hammell, Indianapolis, IN, Attorney for Appellants.

Stephen K. Andrews, Indianapolis, IN, Attorney for Appellees.

## OPINION

VAIDIK, Judge

### Case Summary

Milestone Contractors, L.P. (Milestone) appeals denials by two trial courts of its motions for judgment on the pleadings after Indiana Bell Telephone Company, Inc. d/b/a Ameritech (Ameritech) sued Milestone for damage allegedly caused to its cables by Milestone's excavation. Milestone moved for judgment on the pleadings because the applicable statute of limitations, which Milestone claimed was two years, had lapsed to allow Ameritech to bring its suit. Because we agree that Ameritech's cables are fixtures, and thus, fall within a six-year statute of limitations, we affirm the trial courts' denials of the motions.

### Facts and Procedural History

On several different occasions during the time period between April 1996 and September 1997, Milestone was excavating land on easements and right of ways located at various sites in Marion County and Bartholomew County when it allegedly

damaged Ameritech's underground cables. Ameritech sued Milestone for damages in both Marion County and Bartholomew County. Ameritech filed its complaint against Milestone in Marion County on November 21, 1999, and in Bartholomew County on January 3, 2000.

Milestone filed for judgment on the pleadings in both counties, arguing that Ameritech's complaints were filed more than two years from the dates that the damage allegedly occurred, and therefore, were barred by the two-year statute of limitations applying to personal property. Ameritech countered that the six-year statute of limitations for other property including real property applied because the cables were fixtures. The trial courts in both counties denied the motion. Additionally, the trial court in Bartholomew County specifically found the cables to be fixtures. This interlocutory appeal ensued, and these two cases have been consolidated for purposes of appeal.

### Decision and Discussion

■ Milestone contends that the trial court erred in denying its motion for judgment on the pleadings. Indiana Trial Rule 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A Rule 12(C) motion attacks the legal sufficiency of the pleadings. *Richards–Wilcox, Inc. v. Cummins*, 700 N.E.2d 496, 499 (Ind.Ct.App. 1998). We review a Rule 12(C) motion *de novo*, and a motion for judgment on the pleadings will not be granted unless it is clear from the face of the complaint that under no circumstances relief could be granted. *Id.* Our review is confined to the information included in the pleadings, without resorting to matters outside the pleadings. *Bledsoe v. Fleming*, 712 N.E.2d 1067, 1070 (Ind.Ct.App.1999), *reh'g denied.*

■ However, Rule 12(C) also provides that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." A motion for summary judgment under Indiana Trial Rule 56 may be granted only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Van Eaton v. Fink*, 697 N.E.2d 490, 493 (Ind.Ct.App. 1998), *reh'g denied.* When a Rule 12(C) motion "is predicated ... on matters extraneous to the pleadings, the motion should be treated in the same manner as a motion for summary judgment." *Book v. Hester*, 695 N.E.2d 597, 599 (Ind.Ct.App. 1998). Further, any procedural irregularity in the conversion of a Rule 12(C) motion to a summary judgment motion is deemed harmless if the conversion does not result in prejudice. *Id.*

■ Here, the trial judge in Bartholomew County denied Milestone's motion, and found that Ameritech's underground cables were fixtures. Thus, the Bartholomew County court concluded that Ameritech could continue with its suit under the six-year statute of limitations. The trial court could not have made this conclusion without considering more than just the pleadings before it. In fact, the court conducted a hearing on this issue in which additional facts and case law were presented by both parties. Furthermore, Milestone and Ameritech submitted briefs to the court in support or in opposition to the motion for judgment on the pleadings, where extraneous matters were discussed. Although the trial court noted that the parties had not converted this motion into one for summary judgment, the court converted the motion by its consideration of extraneous matters.

Similarly, the trial court in Marion County held a hearing in which both parties had an opportunity to present arguments supported by additional facts and case law. Ameritech and Milestone also tendered briefs in support or in opposition to the motion for judgment on the plead-

177

ings. These briefs discussed matters extraneous to the pleadings. While the Marion Superior Court issued a general denial of the motion without a conclusion as to whether the cables were fixtures, we can infer that the court, by having this information outside of the pleadings before it, considered it in its ruling.

Therefore, we find that because matters outside of the pleadings were considered by both trial courts, each court, in effect, treated Milestone's motions for judgment on the pleadings as motions for summary judgment. Likewise, we will treat both denials of these motions as denials of summary judgment and we will decide the issue both parties have asked us to resolve, namely: Whether Ameritech may maintain its suit under the six-year statute of limitations for damage caused to other property, including fixtures, even though it failed to file its suit in time to meet the two-year statute of limitations for damage caused to personal property.

█ Milestone contends that the statute of limitations for damage to personal property applies in this case. Indiana Code § 34–11–2–4 reads: "An action for: (1) injury to person or character, (2) injury to personal property; or (3) a forfeiture of penalty given by statute; must be commenced within two (2) years after the cause of action accrues." Ameritech counters that the applicable statute of limitations is six years for actions brought for damage to other property. Indiana Code § 34–11–2–7 reads that [t]he following actions must be commenced within six (6) years after the cause of action accrues: ... (3) Actions for injuries to property other than personal property.... Thus, if the underground cable is property other than personal property, then this six-year statute of limitations would apply instead of the two-year limit for personal property.

In this case, Ameritech argues that the cables are "fixtures" and not personal property. Therefore, because the six-year limitation for bringing suits for injuries to "other property" applies, it may maintain

its suit filed against Milestone more than two years after the injury. Both parties agree that the fate of this suit hinges upon whether the underground cables are considered fixtures.

█ A fixture is defined as "a thing which originally was a chattel but which has become a part of the real estate by reason of attachment thereto by one having an interest therein." 14 INDIANA LAW ENCYCLOPEDIA, Fixtures § 1 (1959). To determine whether personal property have become so identified with the real property as to become a fixture, Indiana has adopted a three-part test. *Dinsmore v. Lake Elec. Co.* 719 N.E.2d 1282, 1286 (Ind. Ct.App.1999). The item of personal property must meet the following requisites: (1) Actual or constructive annexation to the realty, (2) adaptation to the use or purpose of that part of realty with which it is connected, and (3) the intention of the annexing party to make the item a permanent part of the freehold. *Citizens Bank of Greenfield v. Mergenthaler Linotype Co.*, 216 Ind. 573, 25 N.E.2d 444, 447 (1940). The third element of the test focusing upon the intent of the party is the "chief test" that controls whether an item becomes a fixture or remains personal property. *Id.* 25 N.E.2d at 448.

With respect to the first part of the test, actual or constructive annexation, Ameritech and Milestone agree that the underground cables were annexed to the land. However, the second prong, adaptation to the use or purpose of that part of realty with which it is connected, is contested. Milestone contends that because these cables are buried in easements or right of ways of the realty, the cables are not serving the realty to which they are connected, but the easement instead. Ameritech argues that the easements or right of ways were provided to utility companies so that they could gain access to their customers, and therefore, the cables are serving the part of the realty to which Ameritech is entitled to use.

The trial court in Bartholomew County concluded that "[t]he primary purpose of the easement for Ameritech was to place its communication cable within the easement. We can infer that the cable in-and-of itself is fulfilling the primary purpose of the easement. That is, the cable is allowing communication to be transmitted across or through the land." Record at 31–32. The trial court noted that the cable may not be fulfilling the primary purpose of the land itself, but it is fulfilling the portion of the interest in the land to which it is connected, thus meeting the adaptation prong. We agree. The court in *Citizens Bank* noted that this second element is entitled to considerable weight when considered in conjunction with the third element of intent. 25 N.E.2d at 447. "The tendency is to regard everything as a fixture which has been attached to realty to promote the purpose for which the realty held, regardless of the character of the attachment." *Id.*

Here, the cables are attached to easements and right of ways that are intended to provide access to Ameritech and other utility companies so that they may service customers. The cables are serving the purpose of the realty to which they are connected. More importantly, when we consider this prong in connection with the controlling element of the test, intent, we clearly find that Ameritech intended the cables become a permanent fixture to the realty. This is evidenced by Ameritech's burial of a significant amount of cable into the ground. These easements and right of ways provide the path for utility companies like Ameritech to provide service to their customers over a long period of time. Because intent is the controlling element and the cable was serving the purpose of the realty to which it was attached, we find that the trial court did not err in its conclusion that the cable was a fixture.

Because the underground cables meet the three-part test from *Citizen's Bank,* the cables are fixtures. Thus, the alleged damage falls within the six-year statute of limitations with respect to injury to "other property" and Ameritech may maintain its suit.

 Milestone's argument that the cables are trade fixtures, and therefore, personal property, also fails. A trade fixture is personal property put on the premises by a tenant which can be removed without substantial or permanent damage to the premises and is capable of being set up or used in business elsewhere. *Dinsmore,* 719 N.E.2d at 1288 (citing 14 INDIANA LAW ENCYCLOPEDIA, Fixtures § 8 (1959)). Trade fixtures arise in landlord/tenant situations, and Milestone failed to cite any precedent applying trade fixtures to a non-landlord/tenant situation. Further, the realty in which the cables are located would have to be substantially destroyed to uncover the buried cables that stretch for miles. Thus, we conclude these cables are not trade fixtures.

Judgment affirmed.

SHARPNACK, C.J., and BAKER, J., concur.