**Walter T. YOOST, Appellant–Defendant/Cross–Appellee,**

v.

**Irwin ZALCBERG, Appellee–Plaintiff/Cross–Appellant.**

No. 46A03–0908–CV–378.

Court of Appeals of Indiana.

April 16, 2010.

Rehearing Denied June 15, 2010.

David C. Jensen, Alyssa Stamatakos, Nicholas G. Brunette, Megan C. Brennan, Eichhorn & Eichhorn, LLP, Hammond, IN, Attorneys for Appellant.

Timothy Kelly, Kelly Law Offices, Crown Pointe, IN, Matthew J. Piers, José J. Behar, Hughes Socol Piers Resnick & Dym, Ltd., Chicago, IL, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Walter T. Yoost appeals the trial court's entry of summary judgment in favor of Irwin Zalcberg on Zalcberg's mortgage foreclosure claim against Yoost and the entry of summary judgment in favor of Zalcberg on those counts of Yoost's counterclaim alleging oral release of Yoost's mortgage indebtedness. Zalcberg cross-appeals the trial court's entry of judgment on the pleadings on his abuse of process and conspiracy to commit abuse of process claims against Yoost. We affirm.

### Issues

The parties present several issues for our review, which we restate as:

I. Whether the trial court erred when it entered summary judgment, concluding as a matter of law that any alleged oral release of the mortgage violated the Indiana Statute of Frauds; and

II. Whether the trial court erred when it entered judgment on the pleadings, concluding that Zalcberg's claims for abuse of process were time-barred by the statute of limitations.

### Facts and Procedural History[1]

The relevant facts indicate that Yoost worked for Zalcberg as a paid personal assistant/intern from 1999 to 2005. Yoost worked for Zalcberg at Zalcberg's home located in Grand Beach, Michigan. Yoost provided a variety of personal services to Zalcberg and his wife as well as engaged in some stock trading for Zalcberg with Zalcberg's permission. In 2002, Zalcberg and his wife agreed to lend money to Yoost to buy a house located in Michigan City, Indiana. On October 29, 2002, Yoost executed a note to the Zalcbergs in the principal amount of $67,000.00. The note was payable in interest-only monthly installments of $335.00 and secured by a mortgage recorded on November 12, 2002.

---

1. Yoost's appellant's brief contains a statement of facts that is inappropriately rife with irrelevant and scandalous facts. We remind counsel for Yoost that pursuant to Indiana Rule of Appellate Procedure 46(A)(6), the statement of facts section of the brief "shall describe the facts relevant to the issues presented for review" and "shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed." *See* Ind. Appellate Rule 46(A)(6)(b). We strongly encourage counsel to respect and comply with the appellate rules in the future.

The note provided that the principal amount was due in full from Yoost on October 29, 2004, and that 50% of any profit on the sale of the property would be paid to the Zalcbergs. Yoost stopped making payments on the mortgage in 2004 and never paid the principal amount due in full. Yoost claims that Zalcberg orally agreed to release him from the mortgage indebtedness in July 2004. Yoost claims that he continued to work for Zalcberg until March 2005 in reliance on that oral release.

On August 23, 2006, Zalcberg filed a mortgage foreclosure action against Yoost.[2] On November 2, 2006, Yoost filed his answer alleging affirmative defenses to the foreclosure action and also filed a multi-count counterclaim against Zalcberg. In June 2007, Yoost filed an amended counterclaim, and on September 20, 2007, Yoost filed a second amended counterclaim. In his counterclaims, Yoost made several allegations against Zalcberg, some of which revolved around their financial dealings with one another and some of which were sexual in nature, including counts for intentional infliction of emotional distress, defamation, assault and battery, and stalking.

On September 5, 2008, Zalcberg filed his motion for summary judgment on his foreclosure complaint and Counts I through X in Yoost's second amended counterclaim to the extent those claims alleged an oral release of the mortgage. While his summary judgment motion was pending, Zalcberg filed his motion for leave to file an amended complaint, which the trial court

granted on February 2, 2009. In his amended complaint, Zalcberg restated his foreclosure claim and added two claims for relief against Yoost, one for abuse of process and one for conspiracy to commit abuse of process.[3] On April 20, 2009, Yoost filed his motion for partial judgment on the pleadings pursuant to Indiana Trial Rule 12(C) directed to Zalcberg's abuse of process claims. The trial court held a hearing on all pending motions on June 2, 2009.

Thereafter, on July 13, 2009, the trial court granted Zalcberg's motion for summary judgment and Yoost's motion for partial judgment on the pleadings. The trial court's order states in relevant part:

1. The court finds that Zalcberg is entitled to judgment in his favor and against Yoost on Count I of the Amended Complaint. A purported oral release of the mortgage by Zalcberg is barred by the Indiana statute of frauds.

2. The court finds that Yoost is entitled to judgment on the pleadings in his favor and against Zalcberg on Count II of the Amended Complaint because the claim for abuse of process is barred by the applicable statute of limitations and because the alleged abusive discovery does not give rise to a claim for relief. Yoost is further entitled to judgment on the pleadings as to Count III because with the dismissal of Count II, Count III no longer states a claim for relief.

. . . .

4. The court finds that Zalcberg is entitled to judgment in his favor and

---

**2.** In June 2006, as part of Zalcberg's divorce settlement, Zalcberg's wife assigned her interest in the note and mortgage to Zalcberg. Appellant's App. at 117–18.

**3.** Zalcberg claimed that Yoost filed false and fraudulent counterclaims to punish, harass, and humiliate Zalcberg and also that Yoost

conspired with Zalcberg's brother-in-law, Hank Asher, to file false and fraudulent legal claims to punish, harass, and humiliate Zalcberg. Appellant's App. at 584–88. Zalcberg also alleged that Yoost filed improper and abusive discovery requests with the same motives.

against Yoost on the following counts of the Second Amended Counterclaim: Count I[sic], to the extent it claims that there was an oral release of the mortgage and/or promissory note (but not with regard to the alleged oral contract to share trading profits, which was not addressed at the hearing); Count IV (Tortious Interference with Prospective Economic Advantage); Count VII (Violation of M.C.L. 600.2954: Stalking); Count VIII (Abuse of Process); and Count X (Violation of Indiana's Wage Payment Statute: I.C. 22–2–5–12).

5. Zalcberg's Motion for Summary Judgment directed to Counts V (Intentional Infliction of Emotional Distress) and VI (Assault and Battery) of the Second Amended Counterclaim is denied.

Appellant's App. at 10–12. The trial court entered final judgment pursuant to Indiana Trial Rule 54(B). This appeal and cross-appeal followed.

## Discussion and Decision

### I. Summary Judgment

We first address Yoost's contention that the trial court erred in entering summary judgment in favor of Zalcberg on Zalcberg's mortgage foreclosure claim against Yoost and on various counts of Yoost's second amended counterclaim against Zalcberg. Our standard of review for summary judgment is well settled. Indiana Trial Rule 56(C) provides that summary judgment is appropriate when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When reviewing summary judgment, we apply the same standard as the trial court and construe all facts and reasonable inferences to be drawn from those facts in favor of the non-moving party. *Butler v. City of*

*Indianapolis,* 668 N.E.2d 1227, 1228 (Ind. 1996). Where material facts conflict, or undisputed facts lead to conflicting material inferences, entry of summary judgment is inappropriate. *Id.* We carefully scrutinize a trial court's grant of summary judgment to assure that the losing party is not improperly prevented from having its day in court. *Id.*

■ Zalcberg's foreclosure complaint as well as several counts of Yoost's second amended counterclaim revolve around Yoost's default on a written note and mortgage executed between Zalcberg and Yoost on October 29, 2002. Yoost asserts that Zalcberg subsequently made an oral promise to release Yoost from his obligations under the mortgage. Here, the trial court entered summary judgment in favor of Zalcberg and against Yoost, concluding as a matter of law that any alleged oral promise by Zalcberg to release the mortgage is barred by the Statute of Frauds. We agree.

■ The Indiana Statute of Frauds provides in pertinent part:

A person may not bring any of the following actions unless the promise, contract, or agreement on which the action is based, or a memorandum or note describing the promises, contract, or agreement on which the action is based, is in writing and signed by the party against whom the action is brought or by the party's authorized agent:

. . . .

(4) An action involving any contract for the sale of land.

Ind.Code § 32–21–1–1(b). While the alleged promise with regard to the property here is an oral release of the mortgage and, thus, clearly in contravention of the Statute of Frauds, Yoost maintains that a genuine issue of material fact exists as to whether the doctrine of promissory estop-

pel removes the alleged release from the writing requirement of the Statute of Frauds.

■ An oral promise not enforceable under the Statute of Frauds may nonetheless be enforced under the equitable doctrine of promissory estoppel. *Coca–Cola Co. v. Babyback's Intern., Inc.,* 841 N.E.2d 557, 568 (Ind.2006). Specifically, this court has noted:

> The statute of frauds was designed as the weapon of the written law to prevent fraud, while the doctrine of estoppel is that of the unwritten law to prevent like evil. Each is effective in its appropriate field; both are essential to prevent and redress wrongs, and neither should be allowed to dominate the other.

*Spring Hill Developers, Inc. v. Arthur,* 879 N.E.2d 1095, 1100 (Ind.Ct.App.2008) (citation omitted). A party seeking to preclude application of the Statute of Frauds based on promissory estoppel must establish: (1) a promise by the promissor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise. *Id.* Moreover, on several occasions, our supreme court has reiterated:

> [I]n order to establish an estoppel to remove the case from the operation of the Statute of Frauds, the party must show [ ] that the other party's refusal to carry out the terms of the agreement has resulted not merely in a denial of the rights which the agreement was intended to confer, but the infliction of an unjust and unconscionable injury and loss.
>
> In other words, neither the benefit of the bargain itself, nor mere inconvenience, incidental expenses, etc. short of a reliance injury so substantial and independent as to constitute an unjust and

unconscionable injury and loss are sufficient to remove the claim from the operation of the Statute of Frauds.

*Coca–Cola Co.,* 841 N.E.2d at 568 (citations omitted). Thus, to prevail on a claim of promissory estoppel, a party must establish that there is a genuine issue of material fact that his reliance injury is not only (1) independent from the benefit of the bargain and the resulting incidental expenses and inconvenience, but also (2) so substantial as to constitute an unjust and unconscionable injury. *Id.; Spring Hill Developers,* 879 N.E.2d at 1103.

Yoost alleges that he suffered an independent reliance injury by continuing to work for Zalcberg for a little over a year at an extremely low rate of pay in reliance on Zalcberg's alleged oral release of the mortgage. However, Yoost continued to perform the same duties that he had always performed for Zalcberg and was paid essentially the same amount he had always been paid, albeit a low amount, for merely continuing his employment. Nothing about Zalcberg's alleged oral promise substantially changed either party's behavior. Thus, we hardly see the inconvenience to Yoost, much less any evidence of a reliance injury so substantial as to constitute an unjust and unconscionable injury.

■ Moreover, we agree with the trial court that Yoost cannot show that injustice can be avoided only by enforcement of Zalcberg's oral release of the mortgage. Yoost claims as part of his injury the fact that he was underpaid for his employment services as well as Zalcberg's purported failure to share stock trading profits with Yoost. Entry of summary judgment on Zalcberg's foreclosure claim and Yoost's counterclaims to the extent that they allege an oral release of the mortgage does nothing to prevent Yoost from receiving the reasonable value of his services based on his remaining claim for quantum meruit

as well as receiving compensation for his share of trading profits in his claims for breach of contract and fraudulent inducement. *See Galanis v. Lyons & Truitt*, 715 N.E.2d 858, 861 (Ind.1999) (equitable doctrine of quantum meruit prevents unjust enrichment by permitting one to recover reasonable value of work performed); *see also America's Directories Inc. v. Stellhorn One Hour Photo, Inc.*, 833 N.E.2d 1059, 1067–68 (Ind.Ct.App.2005) (both compensatory and punitive damages may be had if claimant who brings breach of contract and fraud claim can establish tort of fraud and injury independent of the breach of contract claim), *trans. denied.* The doctrine of promissory estoppel does not apply to remove Zalcberg's oral release from the writing requirement of the Statute of Frauds. The trial court properly entered summary judgment in favor of Zalcberg.

In addition to promissory estoppel, Yoost claims for the first time on appeal that Zalcberg breached a fiduciary duty owed to Yoost and, thus, the alleged oral release is outside the Statute of Frauds. We note that Yoost did not argue the fiduciary duty theory or breach thereof to the trial court. Instead, Yoost argued only the doctrines of promissory estoppel and constructive fraud in an attempt to avoid application of the Statute of Frauds.[4] We are unpersuaded by Yoost's attempts to characterize some of his constructive fraud arguments to the trial court as a claim for breach of fiduciary duty. It is clear from our review that the breach of fiduciary duty theory was neither raised nor considered by the trial court. Issues not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are therefore waived. *Huntington v. Riggs*, 862 N.E.2d 1263, 1269 (Ind.Ct.App.2007), *trans. denied.* Yoost cannot now claim that a genuine issue of material fact exists as to a theory never advanced to the trial court. The issue is waived.

## II. Judgment on the Pleadings

In his cross-appeal, Zalcberg contends that the trial court erred when it granted Yoost's partial motion for judgment on the pleadings on Zalcberg's claims for abuse of process.[5] Indiana Trial Rule 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A Trial Rule 12(C) motion attacks the legal sufficiency of the pleadings. *Milestone Contractors, L.P. v. Indiana Bell Tel. Co.*, 739 N.E.2d 174, 176 (Ind.Ct.App.2000). On appeal, we review a Trial Rule 12(C) motion de novo, and a motion for judgment on the pleadings will not be granted unless it is clear from the face of the complaint that under no circumstances relief could be granted. *Id.* "Our review is confined to the information included in the pleadings, without resorting to matters outside the pleadings." *Id.* (citing *Bledsoe v. Fleming*, 712 N.E.2d 1067, 1070 (Ind.Ct.App.1999)).

---

4. We note that, in his appellant's brief, Yoost argues only promissory estoppel and a breach of fiduciary duty theory in order to excuse non-compliance with the writing requirement of the Statute of Frauds. Yoost declined to raise the constructive fraud theory as he did before to the trial court. To the extent Yoost attempts to resurrect the constructive fraud theory in his reply brief, we remind him that grounds for error may only be framed in an appellant's initial brief, and if addressed for the first time in a reply brief, they are waived. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind.2005).

5. Count II of Zalcberg's amended complaint alleges abuse of process, and Count III alleges conspiracy to commit abuse of process. The parties agree that the trial court's dismissal of Count II renders Count III moot.

■ Indiana Code Section 34–11–2–4 provides that "an action for: (1) injury to person or character, (2) injury to personal property; or (3) forfeiture of penalty given by statute, must be commenced within two (2) years after the cause of action accrues." Accordingly, a claim for abuse of process sounding in tort is governed by the two-year statute of limitations. *See Burkett v. Am. Fam. Ins. Group,* 737 N.E.2d 447, 459 (Ind.Ct.App.2000); *Groen v. Elkins,* 551 N.E.2d 876, 879 (Ind.Ct.App.1990).

■ A cause of action for abuse of process accrues when the act complained of—here, the filing of Yoost's counterclaim—is committed. *Strutz v. McNagny,* 558 N.E.2d 1103, 1106 (Ind.Ct.App.1990). Yoost filed his multi-count counterclaim against Zalcberg on November 2, 2006. Therefore, the two-year statute of limitations began to run on that date. Zalcberg did not file his abuse of process claim against Yoost until February 3, 2009, outside the two-year limitations period. Accordingly, Zalcberg's abuse of process claim is time-barred on its face and judgment on the pleadings was appropriate.

■ Zalcberg invites this Court to apply the continuing violation or continuing wrong doctrine in order to toll the commencement of the statute of limitations for his abuse of process claim. We have recognized two categories of cases in which the continuing violation doctrine applies:

> The first includes cases in which the original violation occurred outside the statute of limitations, but is closely related to other violations that are not time-barred. In such cases, recovery may be had for all violations, on the theory that they are part of one, continuing violation.
> The second type of continuing violation is one in which an initial violation, outside the statute of limitations, is repeated later; in this case, each violation

begins the limitations period anew, and recovery may be had for at least those violations that occurred within the period of limitations.

*Marion County v. State,* 888 N.E.2d 292, 299 (Ind.Ct.App.2008) (citations omitted). The doctrine of continuing wrong applies where an entire course of conduct combines to produce an injury. *Palmer v. Gorecki,* 844 N.E.2d 149, 156 (Ind.Ct.App. 2006), *trans. denied.* When the doctrine attaches, the statute of limitations begins to run at the end of the continuing wrongful act. *Id.* "In order to apply the doctrine, the plaintiff must demonstrate that the alleged injury-producing conduct was of a continuous nature." *Id.* The continuing wrong doctrine is not an equitable doctrine but rather defines when an act took place. *See Coffer v. Arndt,* 732 N.E.2d 815, 821 (Ind.Ct.App.2000), *trans. denied.*

Zalcberg concedes that Indiana appellate courts have not specifically applied the continuing wrong doctrine to toll the statute of limitations in an abuse of process claim, and we decline his invitation to find the doctrine applicable here. Zalcberg's claim for abuse of process is a claim for the injury to his character, and that injury occurred when Yoost, with alleged improper purpose, filed his original counterclaim on November 2, 2006. Despite the fact that Yoost's general maintenance of his lawsuit may arguably continue to impact Zalcberg, we decline to find a continuing wrong merely for maintaining his claims for relief. To conclude otherwise would be to hold that no statute of limitations would apply to an abuse of process claim like the one in this case because the continuing wrongful act that is causing injury is the continued pursuit of the purported false claim itself. Thus, the statutory limitations period would not begin until the "end of the continuing wrongful act," which

would presumably be the end of the litigation or the dismissal of the alleged improper claims. *See Follett v. Davis*, 636 N.E.2d 1282, 1284 (Ind.Ct.App.1994) (statutory period of limitations begins to run at the end of the continuing wrongful act), *trans. denied.* We will not extend application of a doctrine upon facts which would render an absurd rule of law.

■ In the alternative, Zalcberg maintains that Yoost's amended and second amended counterclaims each alleged new false and fraudulent claims to harass, humiliate, and extort, and thus the limitations period for abuse of process should have begun anew with each filing. However, we agree with the trial court that a review of Yoost's amended and second amended counterclaims reveals that, although more inflammatory facts are included to define the claims, the substance of Yoost's claims for recovery remain the same. Therefore, contrary to Zalcberg's contentions, we cannot say that a new limitations period for abuse of process arose with Yoost's filing of his amended counterclaims.[6]

■ Although we decline Zalcberg's invitation to toll the statute of limitations or begin a new limitations period with each filing in this case, we note that Zalcberg is not without remedy should it be determined that Yoost has maintained his counterclaims with improper purpose. Indiana Code Section 34–52–1–1 provides in pertinent part:

In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

A claim or defense is "frivolous" if it is taken primarily for the purpose of harassment, if counsel is unable to make a good faith and rational argument on the merits of the action, of if counsel is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. *Brant v. Hester*, 569 N.E.2d 748, 754 (Ind. Ct.App.1991). A claim or defense is "unreasonable" if, based on the totality of the circumstances, including the law and facts known at the time of filing, no reasonable attorney would consider the claim or defense worthy of litigation. *Id.* A claim or defense is "groundless" if no facts exist which support the legal claim presented by the losing party. *Id.*

■ Zalcberg's factual allegations against Yoost for abuse of process are essentially the same as they would be in a claim pursuant to Indiana Code Section 34–52–1–1. Therefore, Zalcberg is free to seek recovery in the event he prevails on the merits against Yoost's counterclaims. The statute was enacted to deter the needless drain on the resources of prevailing parties and the courts. *See Mitchell v. Mitchell*, 695 N.E.2d 920, 925 (Ind.1998). Thus, although we affirm the trial court's entry of judgment on the pleadings on Zalcberg's abuse of process claim, Zalcberg is not without future remedy.

### Conclusion

In sum, the trial court properly entered summary judgment in favor of Zalcberg on

---

6. As noted earlier, Zalcberg based his abuse of process claim in part on alleged "abusive discovery" filings by Yoost. Zalcberg, with good reason, has abandoned this course on appeal. Appellee's Br. at 25.

his mortgage foreclosure claim against Yoost and in favor of Zalcberg on Yoost's second amended counterclaim to the extent the counterclaim asserts that there was an oral release of the mortgage. Any purported oral release of the mortgage is in contravention of the Indiana Statute of Frauds. The trial court properly entered partial judgment on the pleadings in favor of Yoost and against Zalcberg on Zalcberg's abuse of process claim and, consequently, his conspiracy to commit abuse of process claim. Zalcberg's abuse of process claim is barred by the two-year statute of limitations. The judgment of the trial court is affirmed in all respects.

Affirmed.

VAIDIK, J., concurs.

RILEY, J., concurs in result.