# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**GARY E. SMITH**
Smith Harvey Law Office
Connersville, Indiana

ATTORNEY FOR APPELLEE DANA
DURBIN:

**LISA M. DILLMAN**
Dillman & Associates, LLC
Indianapolis, Indiana

**FILED**

Aug 27 2012, 9:45 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOSEPH MEIZELIS, | ) |
| | ) |
| Appellant-Intervenor, | ) |
| | ) |
| vs. | )    No.  70A01-1112-DR-598 |
| | ) |
| DANA DURBIN and DEBRA DURBIN, | ) |
| | ) |
| Appellees-Petitioner and -Respondent. | ) |

APPEAL FROM THE RUSH CIRCUIT COURT
The Honorable Daniel Lee Pflum, Special Judge
Cause No. 70C01-0606-DR-128

**August 27, 2012**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Dana and Debra[1] Durbin's dissolution action has been pending since 2006. In 2010, Joseph Meizelis offered to purchase their farm, and he was permitted to intervene in the dissolution action. In an order dated March 23, 2011, the trial court determined that Dana could keep the farm property if he met certain financial obligations within thirty days; otherwise, he was to sell it to Meizelis. Dana filed a motion to correct error, and while the motion was pending, Dana and Debra reached a settlement agreement. Although their agreement was similar in many respects to the March 23, 2011 order, it did relax some of the obligations that Dana was required to meet if he wished to keep the farm property. Dana and Debra submitted an agreed judgment, and Dana dismissed his motion to correct error. Meizelis thereafter filed a lis pendens notice and a motion for relief from the agreed judgment on the grounds that he had not been given notice. The trial court denied Meizelis's motion. We conclude that the trial court properly found that Meizelis lacked a present interest in the real estate and could not prevent a settlement between Dana and Debra. Therefore, we affirm the judgment of the trial court and remand with instructions to strike Meizelis's lis pendens notice.

**Facts and Procedural History**

This case comes to us in an unusual procedural posture. Meizelis, who intervened in the divorce proceedings after they had been pending for four years, has not provided the

---

[1] Debra's name is not consistently spelled the same way in the record. Based on her signature on an agreed entry, we believe that "Debra" is the correct spelling. Although Debra is a party of record, she has not participated in this appeal.

2

entire record of the divorce proceedings, and we have little context for why various orders were entered at the time that they were entered. Dana filed a petition for dissolution on June 9, 2006, and he and Debra continued to litigate property division issues for many years. On August 6, 2010, the trial court issued the following order:

> Hearing held on property distribution. Dana Durbin is to pay to the Clerk of the Court by close of business on August 25, 2010, the sum of $143,000 minus the mortgage payoff and IRS lien. If said amount is not paid, property shall be sold under conditions stated in open court this date to Joe Meizelis.
>
> [Dana and] Debra Durbin are to sign all necessary papers to complete the transfer of Real Estate.

Appellant's App. at 73.[2]

On September 31, 2010, Meizelis filed a motion to intervene, which contained the following allegations:

> 1. The parties own, as part of the marital assets, real property ("property") against which there is a First Mortgage lien and other encumbrances.
>
> 2. On August [6], 2010, the Court ordered the property sold under conditions stated in open court to interven[or], Joe Meizelis, if the property was not purchased by Dana Durbin ….
>
> 3. Dana Durbin did not purchase the property.
>
> 4. Interven[or], Joe Meizelis, has arranged for, and is ready to act on, the purchase of the property as directed by the Court.

---

[2] Dana filed two motions to stay the sale and initiated an appeal to this court. The chronological case summary ("CCS") reflects that the motions to stay were denied. From our docket, it appears that the appeal was not prosecuted and was ultimately dismissed with prejudice. *Durbin v. Durbin*, No. 70A01-1008-DR-461 (Ind. Ct. App. Feb. 28, 2011). Nevertheless, for reasons that are not clear from the record before us, it appears that Dana was not actually held to the August 2, 2010 order that he pay off the mortgage and IRS lien by August 25, 2010.

5. Time is of [the] essence to all involved herein.

*Id*. at 71. Meizelis was apparently permitted to intervene without objection.[3]

On December 29, 2010, a hearing was held regarding property distribution issues.[4] Following the hearing, on January 3, 2011, the court issued an order which apparently addressed some, but not all, of the property distribution issues. Specifically, the court gave Dana thirty days "from the date of the Final Property Distribution Order" to pay the mortgage on the farm, any tax liens, and a child support arrearage. If Dana was unable to meet these obligations, then the farm was to be sold to Meizelis for $143,000.

On March 23, 2011, the court issued what appears to be an order addressing all remaining property issues. The March 23, 2011 order reiterated the previous orders regarding the real estate:

> Brian Dana Durbin may retain possession of the marital residence and farm. To do so he must refinance said real estate in his name alone and pay the entire tax liability owed to the IRS of approximately $9,000.00 which was incurred for the tax year 2007 and prior; any tax lien owed to Rush County, Indiana; the above mentioned child support arrearage of $552.00, the Washington Mutual[ ] credit card jointly owned by the parties in full; and the Capital Funding credit card jointly owned by the parties in full as set out in the

---

[3] The CCS merely reflects that an order was issued on this motion; the order itself was not included in the record before us. In his statement of the case, Meizelis represents that his motion was unopposed, and Dana has not represented otherwise.

[4] Meizelis represents that he was not notified of the hearing and did not attend. The CCS shows that a hearing was scheduled for December 29, 2010, but there is no entry on that date. However, it is clear that a hearing in fact took place because we were provided with a transcript of the hearing. The transcript for that date lists an appearance by Meizelis's attorney, although there is nothing in the transcript itself that confirms that he or his attorney was present. At a later hearing on September 7, 2011, Meizelis's attorney represented that he had not been aware of this hearing, but that "it didn't matter much" because it had not impacted Meizelis's interest in the case. Tr. at 12. Later on in the hearing, in an exchange with the judge, Meizelis appeared to confirm that he had been present for the December 29, 2010 hearing. *See id*. at 40 (in response to judge's question whether he remembered being told at the Dec. 29 hearing that the Durbins would have thirty days to file a motion to correct error after the court's final order, Meizelis said, "That's correct.").

agreement and order dated January 3, 2011. Debra Durbin shall execute a Quitclaim Deed to Brian Dana Durbin upon the above and payment to Debra Durbin of $35,000.00, and $14,000.00 to Debra Durbin's attorney, Jill A. Gonzalez. If Brian Dana Durbin fails to do all of the above within 30 days of the date of this order then the real estate shall be sold to Joseph [Meizelis] as provided in the order of January 3, 2011.

*Id*. at 56.

On April 22, 2011, Dana filed a motion to correct error. Dana raised several issues, including some that related to the requirements that the trial court had set out for keeping the farm, such as payment of the credit card debt, the child support arrearage, the mortgage, and Debra's attorney's fees. The certificate of service indicates that the motion was served on the court and Debra's attorney.

On April 27, 2011, Meizelis filed a notice with the court indicating that he had paid $143,000 to the Rush County Clerk for the purchase of the Durbins' farm property.

On May 17, 2011, before the trial court had ruled on Dana's motion to correct error, Dana and Debra reached a settlement agreement. Dana voluntarily dismissed the motion to correct error, and the Durbins submitted an agreed entry to the court, which was reduced to an order by the court. The agreed entry was similar in many respects to the March 23, 2011 order. However, the Durbins agreed that Dana did not have to pay the Capital Funding credit card because Debra had been unable to find any documentation of that debt. In addition, Dana was not required to refinance within thirty days, but was required to "make reasonable efforts to do so in the future when his credit has been restored." *Id*. at 20. All this happened without notice to Meizelis.

On June 3, 2011, Meizelis filed a lis pendens notice, and on June 9, 2011, he filed a

5

motion for relief from the agreed entry. Meizelis's position was that the March 23, 2011 order was a final order and that the thirty-day period began to run on that date. Meizelis argued that the agreed entry was void because it had been entered without his knowledge or consent. The court held a hearing on the motion on September 7, 2011. On November 14, 2011, the trial court issued an order in which it found that Meizelis had no present interest in the real estate. The court ruled that Meizelis's lis pendens notice "shall be stricken 35 days from this date unless an appeal is taken. In that case the notice will be stricken when the opinion is certified unless this order is reversed." *Id*. at 12. Meizelis now appeals.

**Discussion and Decision**

Meizelis appeals the denial of his motion for relief from judgment. We review a trial court's ruling on a motion for relief from judgment for an abuse of discretion and will reverse only when its decision is clearly against the logic and effect of the facts and circumstances before it. *Norris v. Pers. Fin.*, 957 N.E.2d 1002, 1006 (Ind. Ct. App. 2011). Indiana Trial Rule 60(B) sets out eight grounds for relief from a judgment, some of which require the moving party to allege a meritorious defense and some of which do not. Meizelis's motion did not reference a specific subsection of Trial Rule 60(B), nor did his appellant's brief. The only reference to a specific subsection is in his reply brief, which cites Trial Rule 60(B)(1), which allows relief due to "mistake, surprise, or excusable neglect." Meizelis argues that the agreed entry was, in effect, a default judgment. *See Smith v. Johnston*, 711 N.E.2d 1259, 1262 (Ind. 1999) ("Under this rule, excusable neglect includes a breakdown in communication that results in a party's failure to appear. Where such a breakdown is

6

established, Rule 60 is met and a default judgment must be set aside.").   A motion under

subsection (1) requires the moving party to allege a meritorious defense.   Ind. Trial Rule

60(B).

Meizelis argues that the agreed entry is invalid for two reasons:   (1) a property

distribution may be set aside only for fraud; and (2) as a party to the case, his consent to the

agreed judgment was required.[5]  He further argues that because the agreed entry is invalid,

the March 23, 2011 order remains in effect and has become the final judgment of the trial

court.

Indiana Code Section 31-15-7-9.1(a) provides that "orders concerning property

disposition entered under this chapter (or IC 31-1-11.5-9 before its repeal) may not be

revoked or modified, except in case of fraud."  Nevertheless, it is well settled that the "trial

court is permitted to alter, amend, or modify its judgment without limitation 'up to and

including the ruling on a motion to correct error.'"  *Jones v. Jones*, 866 N.E.2d 812, 814 (Ind.

Ct. App. 2007) (quoting *Rohrer v. Rohrer*, 734 N.E.2d 1077, 1081 (Ind. Ct. App. 2000)); *cf.*

*Poppe v. Jabaay*, 804 N.E.2d 789, 793 (Ind. Ct. App. 2004) (where, pursuant to divorce

decree, court appointed commissioner to sell the Jabaays' marital residence, commissioner

accepted purchase offer from Poppe, and wife thereafter attempted to modify decree to

prevent sale to Poppe, we held that the court erred by modifying decree), *trans. denied*, *cert.*

---

[5] In his reply brief, Meizelis also argues that his due process rights were violated.  An issue raised for the first time in a reply brief is waived.  *Yoost v. Zalcberg*, 925 N.E.2d 763, 770 n.4 (Ind. Ct. App. 2010), *trans. denied*.

*denied (2005)*. Dana's motion to correct error was pending at the time that the agreed entry was entered; thus, it was still within the trial court's power to alter the March 23, 2011 order.

We turn then to the issue of whether Meizelis's consent was required. Meizelis has not claimed that he has a contractual interest in the farm; in fact, it is questionable whether he should have been allowed to intervene in the first place. He made an offer to purchase, but the Durbins never accepted it; the Durbins merely agreed between themselves that they would sell to Meizelis if Dana could not meet certain financial obligations. The trial court's orders incorporated this agreement *between Dana and Debra*. Meizelis's position appears to be that his interest arises from the fact that the trial court ordered Dana to sell to him if he could not meet certain financial obligations, but at no point was Meizelis under an affirmative obligation to do anything; the court's orders were addressed to Dana, not Meizelis.

Interestingly, Meizelis does not claim that he can enforce the court's orders of August 2, 2010, or December 29, 2010, both of which also ordered Dana to sell to Meizelis. Meizelis seems to tacitly admit that he had no interest in the property unless and until there was a final order that required Dana to sell to him. Although the March 23, 2011 order was "final" in the sense that it could be appealed, *see* Ind. Appellate Rule 2(H), as discussed above, the trial court still held the power to alter the order. Meizelis does not point to any authority that would give him the right to prevent a settlement between Dana and Debra. We agree with Dana that this would run contrary to this state's policy of promoting settlements in dissolution cases. *See* Ind. Code § 31-15-2-17(a) (to "promote the amicable settlements of

8

disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, the parties may agree in writing" to provisions for maintenance, disposition of property, and custody and support of children); *Wolshire v. Wolshire*, 905 N.E.2d 1051, 1056 (Ind. Ct. App. 2009) ("Dissolution settlement agreements are encouraged under the Indiana Dissolution of Marriage Act.… There is a very strong presumption of enforceability of contracts that represent the freely bargained agreement of the parties."). The trial court correctly found that Meizelis has no present interest in the property and could not prevent the Durbins from entering a settlement regarding the distribution of their property. We therefore affirm the judgment of the trial court and remand with instructions to strike Meizelis's lis pendens notice upon certification of this opinion.

Affirmed and remanded.

RILEY, J., and BAILEY, J., concur.