## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 28 2019, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR
APPELLANT/CROSS-APPELLEE

James M. Lewis
Michael J. Hays
Tuesley Hall Konopa LLP
South Bend, Indiana

ATTORNEY FOR
APPELLEE/CROSS-APPELLANT

Timothy J. Maher
Barnes & Thornburg LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Estate of James E. Hurwich,

Scott D. Hurwich,

*Appellant/Cross-Appellee/Plaintiff,*

v.

Stacey MacDonald,

*Appellee/Cross-Appellant/Defendant.*

May 28, 2019

Court of Appeals Case No.
19A-EU-38

Appeal from the St. Joseph Probate Court

The Honorable Jeffrey Sanford, Special Judge

Trial Court Cause No.
71J01-0412-EU-56

**Bradford, Judge.**

# Case Summary

James Hurwich was the father of Scott Hurwich ("Hurwich") and Stacey MacDonald ("MacDonald"). Following his death in 2004, the Estate of James Hurwich ("the Estate") was administered by MacDonald and closed in 2007. In 2013, Hurwich moved to reopen the Estate, which motion the probate court granted. In 2014, Hurwich filed a complaint against MacDonald, alleging that she had breached her fiduciary duties as the Estate's personal representative and mismanaged its assets. MacDonald moved to dismiss Hurwich's complaint, which motion the probate court granted. Hurwich then moved for leave to amend his complaint, which motion was denied by the probate court. In 2018, we affirmed that denial and remanded for reasons that are not relevant to this appeal. On remand, MacDonald requested that she be awarded attorney's fees. The probate court awarded MacDonald $44,444.00 in attorney's fees. Hurwich appeals, contending that because his claims were not frivolous, unreasonable, or groundless, the probate court erroneously awarded MacDonald attorney's fees. MacDonald cross-appeals, contending that the probate court should have awarded her approximately $40,306.50 more in attorney's fees and requesting that we award her appellate attorney's fees and costs. Because we disagree with both Hurwich's and MacDonald's contentions, we affirm.

# Facts and Procedural History

We stated the underlying facts of this case in a prior appeal as follows:

The Estate was opened in 2004. MacDonald was appointed administrator of the Estate, and she administered it unsupervised until it was closed in 2007. Apparently, MacDonald failed to distribute approximately 600 items and assets belonging to her father before the Estate was closed. On March 6, 2013, Hurwich petitioned to reopen the Estate; the probate court granted Hurwich's petition. On June 18, 2013, the probate court appointed Paul Cholis as successor personal representative for the Estate. On October 3, 2014, Hurwich filed a complaint against MacDonald, under the Estate cause number EU–56, alleging that she had mismanaged the Estate's assets and breached her fiduciary duties. On November 14, 2014, MacDonald filed a motion to dismiss Hurwich's complaint under Indiana Trial Rule 12(B)(6), alleging that it had been untimely filed after the applicable statute of limitations had run. On June 12, 2015, the probate court granted MacDonald's motion and dismissed Hurwich's complaint with prejudice.

On June 22, 2015, Hurwich filed a motion to reconsider. On July 27, 2015, a hearing on the motion to reconsider took place, and the probate court took the issue under advisement. Then, on February 9, 2016, while the motion to reconsider was still pending, Hurwich filed a motion for leave to amend his complaint. In his proposed amended complaint, he alleged that MacDonald had committed fraud when, in closing the Estate, she represented that she had fully administered the Estate and properly distributed all assets; he also alleged that she had taken personal property from the Estate for her own use.

On May 6, 2016, Cholis filed a petition for instructions for "recovery of assets formerly owned by the decedent or in his possession at the time of his death." Appellant's App. Vol. II p. 42. In this petition, Cholis:

> • Stated that MacDonald testified at her deposition that she had received gifts, including paintings, necklaces,

diamond rings, and liquor bottles, from her father within five years of his death.

• Stated that MacDonald "testified that she, as the former Personal Representative of the estate, did distribute to herself certain items of tangible personal property which [Cholis] believe[d] constituted partial distributions to her and which should be taken into account by charging her with the value of such items so distributed upon the final distribution of the remaining tangible personal property; ..." *Id.* at 43.

• Stated that there were "numerous items of tangible personal property" located at the decedent's former residence that Cholis "believe[d] can and should be distributed among the three residuary beneficiaries of the estate" through an in-kind selection process and a public auction. *Id.*

• Requested the probate court to direct him to not attempt to recover items of tangible personal property that MacDonald identified as gifts that she received from her father before his death. Cholis cited to time limits in the probate code for proceedings against personal representatives and to case law in which a petition to re-open an estate was time-barred.

On June 24, 2016, Hurwich filed a response to Cholis's petition in which Hurwich stated that the parties wanted instruction from the probate court about how to determine whether the items that MacDonald testified were gifts were actually gifts from their father or whether they were self-distributed items. Hurwich requested, among other things, that Cholis identify and catalog each of the individual items in question. Hurwich also argued that the issue was not time-barred.

A hearing took place on July 27, 2016. On July 29, 2016, the probate court denied Hurwich's motion for leave to amend his complaint, finding that Hurwich was not entitled to amend a complaint that had been properly dismissed pursuant to the statute of limitations for relief against fraud. The probate court also found that Hurwich's complaint was not a valid cause of action because Hurwich filed it as part of the estate administration, rather than a separate cause of action, and therefore failed to pay a filing fee or have a summons issued. The probate court ordered for Hurwich and another beneficiary to have access to the decedent's home for an in-kind selection process of the 600 items located there and for all assets not selected to be sold at a public auction. Lastly, the probate court ordered that Hurwich's claim against MacDonald about gifts received before their father's death was time-barred under the statute of limitations.

Throughout the fall of 2016, Cholis distributed the Estate's assets as ordered by the probate court. On March 10, 2017, Cholis filed a Supplemental Report of Distribution ("the Report") in which he summarized the distribution of the Estate's assets; listed the value of the assets that Hurwich, MacDonald, and another beneficiary received; requested that he be discharged as personal representative; and requested that the court order the Estate closed. That same day, the probate court approved the report and entered an order closing the Estate. On March 20, 2017, Cholis served a copy of the Report and the probate court's signed order to Hurwich and other interested parties. On March 30, 2017, Hurwich filed a motion to correct error, asking the probate court to vacate its order approving the Report because there was neither service nor an opportunity to object to the Report. On April 10, 2017, the probate court denied his motion.

*In re Estate of Hurwich*, 103 N.E.3d 1135, 1137–38 (Ind. Ct. App. 2018), *reaff'd on reh'g In re Estate of Hurwich*, 109 N.E.3d 416 (Ind. Ct. App. 2018). In the

previous appeal, we concluded that the probate court did not err by denying Hurwich's motion to amend his complaint. Although we noted that the dismissal should have been without prejudice, we found that Hurwich's appeal of that decision two years after it was decided was untimely and unavailing.

[3] On remand, MacDonald sought to recover attorney's fees. On December 13, 2018, the probate court awarded her attorney's fees in the amount of $44,444.00 after finding that Hurwich's complaint was frivolous, unreasonable, or groundless pursuant to Indiana Code section 34-52-1-1.

# Discussion and Decision

## I. Award of Attorney's Fees

[4] Hurwich contends that the trial court erroneously awarded MacDonald attorney's fees pursuant to Indiana Code section 34-52-1-1. A probate court may award attorney's fees if the court finds that a party brings a claim that is frivolous, unreasonable, or groundless. Ind. Code § 34-52-1-1(b)(1).

> The trial court's decision to award attorney's fees under § 34-51-1-1 is subject to a multi-level review: the trial court's findings of facts are reviewed under the clearly erroneous standard and legal conclusions regarding whether the litigant's claim was frivolous, unreasonable, or groundless are reviewed de novo. Finally, the trial court's decision to award attorney's fees and any amount thereof is reviewed for an abuse of discretion. A trial court abuses its discretion if its decision clearly contravenes the logic and effect of the facts and circumstances or if the trial court has misinterpreted the law.

*Purcell v. Old Nat. Bank*, 972 N.E.2d 835, 843 (Ind. 2012) (internal citations omitted). A claim is frivolous if it is brought primarily for the purpose of harassment, if the attorney is unable to make a good faith and rational argument on the merits of the action, or if the attorney is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. *Yoost v. Zalceburg*, 925 N.E.2d 763, 772 (Ind. Ct. App. 2010), *trans. denied*. A claim is unreasonable if, based on the totality of the circumstances, including the law and facts known at the time of filing, no reasonable attorney would consider the claim worthy of litigation. *Id.* A claim is groundless if there are no facts existing that support the legal claim presented by the losing party. *Id.*

[5] We conclude that the probate court did not err in awarding MacDonald attorney's fees. Hurwich brought his original complaint against MacDonald more than seven years after the Estate was originally closed, which was far after the applicable statutes of limitations had run. We note that the purpose of statutes of limitations is to encourage the prompt filing of claims. This not only prevents the litigation of stale claims but also allows Hoosiers to live their lives without endlessly waiting for the axe to fall. *See Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 689 (Ind. Ct. App. 2006) ("The general purpose of a statute of limitation is to encourage the prompt presentation of claims…They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost."). Given that

Indiana Code section 34-52-1-1 is written in the disjunctive, Hurwich's claims need only be frivolous, unreasonable, or groundless, but not all three. That said, based on the totality of the circumstances in this matter, no reasonable attorney would consider claims worthy of litigation well after the applicable statutes of limitations have run.

Hurwich specifically argues that had he been permitted to amend his complaint to allege fraudulent concealment, his claim would not have been frivolous, unreasonable, or groundless because it would have been within the applicable statute of limitations. The probate court, however, denied Hurwich the opportunity to amend his complaint, which we affirmed on appeal. Therefore, his argument is without merit, and he has failed to establish that his claims were not frivolous, unreasonable, or groundless.

## II. Amount of Attorney's Fees

MacDonald contends that the trial court erroneously interpreted the amount of attorney's fees attributable to the instant action outlined in her request, and in doing so, failed to award approximately $40,306.50 in additional fees. We review a probate court's decision to award attorney's fees and any amount thereof for an abuse of discretion. *Purcell*, 972 N.E.2d at 843. Again, a probate court abuses its discretion if its decision clearly contravenes the logic and effect of the facts and circumstances or if the probate court has misinterpreted the law. *Id.*

[8]     We conclude that the probate court did not abuse its discretion in awarding the amount of attorney's fees it did. First, it appears that the probate court took into account the verified statements outlining the fees and MacDonald's attorney's explanation of said statements made during the evidentiary hearing, finding as follows:

> After reviewing the billing of Stacey MacDonald's attorney, the Court finds the hourly rate to be reasonable; however, the Court does not find that all the work submitted was related to the lawsuit. Therefore, the Court now awards $44,444.00 in attorney fees to Stacey MacDonald, payable by Scott Hurwich.

Appellant's App. Vol. II pp. 13–14. The probate court was free to reject this evidence from MacDonald's attorney, and we will not second-guess its evaluation of the evidence.

[9]     Moreover, Indiana Code section 34-52-1-1, states that the probate court *may* award attorney's fees if a claim is frivolous, unreasonable, or groundless. (emphasis added). The statute does not require the probate court to award attorney's fees nor does it require the entire amount accumulated defending the claims be awarded if the probate court chooses to award fees. Given the discretionary nature of the statute coupled with the probate court's explanation in its order, we cannot say that the amount awarded was an abuse of discretion.

## III. Appellate Attorney's Fees

[10]     MacDonald requests that the attorney's fees and costs incurred in this appeal be awarded. Indiana Appellate Rule 66(E) provides that we "may assess damages

if an appeal…is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees."

> Our discretion to award attorney fees under Appellate Rule 66(E) is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. Moreover, while we have discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious. Just as pro se litigants are required to follow all of the rules of appellate procedure, they are also liable for attorney fees when they disregard the rules in bad faith.

> Indiana appellate courts have categorized claims for appellate attorney fees into substantive and procedural bad faith claims. To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility. Substantive bad faith implies the conscious doing of wrong because of dishonest purpose or moral obliquity.

*Poulard v. LaPorte Cty. Election Bd.*, 922 N.E.2d 734, 737–38 (Ind. Ct. App. 2010) (internal quotations and citations omitted).

[11] MacDonald contends that because Hurwich's claims were found to be frivolous, unreasonable, or groundless by the probate court, this appeal is likewise frivolous or in bad faith. We cannot agree with this line of reasoning, because adopting it would render appeals of attorney's fees which are awarded under Indiana Code section 34-52-1-1 meaningless. Although Hurwich's

original complaint was frivolous, unreasonable, or groundless, his decision to appeal a decision that requires him to pay over $40,000 in attorney's fees is entirely reasonable. Therefore, we deny MacDonald's request for appellate attorney's fees and costs.

[12] The judgment of the probate court is affirmed.

Crone, J., and Tavitas, J., concur.